**CONFORMED**

1   Phillip J. Eskenazi (SBN 158976)
    peskenazi@hunton.com
2   **HUNTON & WILLIAMS LLP**
    550 South Hope Street, Suite 2000
3   Los Angeles, California 90071-2627
    Telephone: (213) 532-2000
4   Facsimile: (213) 532-2020

5   Attorneys for Defendant
    LOWE'S HIW, INC.

6

7

FILED
2009 SEP 24   PM 1:55
CLERK U.S. DISTRICT COURT
CENTRAL DIST OF CALIF.
LOS ANGELES
BY

8                UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10                          **CV09-6962 DDP (RZx)**

11   MICHEAL MEYER, an individual, on
     behalf of all others similarly situated,        Case No.
12
                                                     **NOTICE OF REMOVAL OF**
13          Plaintiff,                               **ACTION PURSUANT TO 28 U.S.C.**
                                                     **§ 1441(b)**
14          v.

15   LOWE'S HIW, INC., a Washington
     corporation; and DOES 1 through 50,
16   inclusive,

17          Defendants.

18

19

20

21

22

23

24

25

26

27

28

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1   **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR**

2   **THE CENTRAL DISTRICT OF CALIFORNIA:**

3        **PLEASE TAKE NOTICE** that Defendant Lowe's HIW, Inc. ("LHIW")

4   hereby removes to this Court, pursuant to the Class Action Fairness Act of 2005, 28

5   U.S.C. § 1711, *et seq.*, the state court action described below.  In support thereof,

6   LHIW states as follows:

7        1.    On August 25, 2009, Plaintiff Micheal Meyer filed a First Amended

8   Complaint for Damages and Declaratory Relief alleging a putative class action against

9   LHIW ("First Amended Class Action Complaint" or "FAC") in a case currently

10   pending in the Superior Court for the State of California, County of Los Angeles, as

11   Case No. BC420256, *Meyer vs. Lowe's HIW, Inc.* (the "Class Action").  Plaintiff

12   served LHIW with the Summons and First Amended Class Action Complaint on

13   August 26, 2009.[1]  Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the

14   Summons and First Amended Class Action Complaint are attached hereto as Exhibit

15   A.

16        2.    On September 23, 2009, LHIW filed its Answer to Unverified First

17   Amended Class Action Complaint ("Answer").  Pursuant to 28 U.S.C. § 1446(a), a

18   true and correct copy of the Answer is attached hereto as Exhibit B.  LHIW also

19   attaches hereto true and correct copies of the Order entered by the state superior court

20   on September 1, 2009, designing the Class Action as non-complex, Plaintiff's

21   affidavit of prejudice, the Order entered by the state superior court on September 14,

22   2009, accepting Plaintiff's affidavit of prejudice, and the Order entered by the state

23   superior court on September 17, 2009, reassigning the case, as Exhibits C through F,

24   respectively.  Upon information and belief, there have been no other proceedings in

25   the Class Action.

26        3.    As explained below, the Class Action is one that may be removed to this

27

28       [1] LHIW was not served with the original complaint, which, according to the superior court's docket, was filed on August 21, 2009.

*Left margin:* Hunton & Williams LLP / 550 South Hope Street, Suite 2000 / Los Angeles, California 90071-2627

1  Court pursuant to 28 U.S.C. § 1441(b) because LHIW has satisfied the procedural

2  requirements and this Court has subject matter jurisdiction over this action pursuant to

3  28 U.S.C. § 1332(d).

**I.**

## LHIW HAS SATISFIED THE

## PROCEDURAL REQUIREMENTS FOR REMOVAL

7      4.    Plaintiff served LHIW with the Summons and First Amended Class

8  Action Complaint on August 26, 2009. Thus, LHIW's Notice of Removal is timely

9  because it is filed within 30 days of the date of service. *See* 28 U.S.C. § 1446(b).

10      5.    Venue lies in the United States District Court for the Central District of

11  California because the Class Action was filed by Plaintiff and is now pending in this

12  judicial district. *See* 28 U.S.C. § 1441(a).

13      6.    Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and

14  orders served upon LHIW, which papers include the Summons, First Amended Class

15  Action Complaint, Answer, the state court's September 1, 2009 Order, Plaintiff's

16  affidavit of prejudice, the state court's September 14, 2009 Order, and the state court's

17  September 17, 2009 Order are attached hereto as Exhibits A through F.

18      7.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is

19  being served upon Plaintiff's counsel and a copy is being filed with the Clerk of the

20  Superior Court for the State of California, County of Los Angeles.

**II.**

## REMOVAL IS PROPER BECAUSE THIS

## COURT HAS SUBJECT MATTER JURISDICTION

24      8.    The Class Action is a civil action over which this Court has original

25  jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), Pub. L. No. 109-2

26  (enacted Feb. 18, 2005) (codified as 28 U.S.C. §§ 1332(d), 1453, 1711-1715).

27  Pursuant to CAFA, federal courts have original jurisdiction over a class action if: (i) it

28  involves 100 or more putative class members; (ii) any class member is a citizen of a

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1  state different from any defendant; and (iii) the aggregated amount in controversy

2  exceeds $5 million, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d).

3    9.    As set forth below, this is a putative class action in which: (i) there are

4  more than 100 members in Plaintiff's proposed class; (ii) Plaintiff and the members of

5  the putative class have a different citizenship than LHIW, the sole named defendant;

6  and (iii) the claims of the proposed class members exceed the sum or value of $5

7  million in the aggregate, exclusive of interest and costs. Thus, this Court has subject

8  matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

9  **A.    This is a Class Action Consisting of More Than 100 Members.**

10    10.    Plaintiff proposes a class of persons who were employed in California by

11  LHIW as a "Loss Prevention Member ['LPM'] who were paid a fixed salary and

12  worked in excess of eight (8) hours per day and/or in excess of forty (40) hours in one

13  or more workweeks." FAC at ¶ 4(a). Approximately, 230 current and former LHIW

14  employees fit this description for the four year period covered in the Class Action.

15  *See* Declaration of Aleda J. Howard ("Howard Decl.") at ¶ 4. Accordingly, the

16  proposed class exceeds 100 members.

17  **B.    The Diversity of Citizenship Requirement is Satisfied.**

18    11.    Plaintiff is an individual who resides in the State of California. Howard

19  Decl. at ¶ 6. He further seeks to represent a class of individuals who formerly and/or

20  currently work and reside in California. FAC at ¶ 4. Accordingly, for jurisdictional

21  purposes, Plaintiff is a resident of the State of California, as are the putative class

22  members.

23    12.    LHIW is a corporation incorporated in the State of Washington. Howard

24  Decl. at ¶ 2; *see* FAC at ¶ 2(a) (alleging LHIW is "a corporation organized under the

25  laws of the State of Washington"). Moreover, LHIW's principal place of business is

26  not California. LHIW does business throughout the western United States and no

27  state, including California, makes up the majority of its revenue. Howard Decl. at ¶ 2.

28  Furthermore, LHIW's headquarters are not located in California. *Id.* Accordingly, for

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

3

1  removal purposes, LHIW is not a citizen of California.  The requisite diversity of

2  citizenship, therefore, exists.  *See* 28 U.S.C. § 1332(c)(1) & (d)(2)(A).

3  **C.      The Amount In Controversy Requirement is Satisfied.**

4         13.     Plaintiff has alleged causes of action pursuant to California Labor Code

5  §§ 1194 and 203, and pursuant to California Business and Professions Code § 17200,

6  *et seq.*  FAC at ¶¶ 11-30.  Plaintiff also seeks civil penalties pursuant to The Labor

7  Code Private Attorneys General Act, California Labor Code § 2698, *et seq.*

8  ("PAGA"), and specifically those civil penalties enumerated for alleged violations of

9  California Labor Code §§ 204, 226, and 515, as well as attorney's fees, costs, and

10  injunctive relief.  As set forth below, Plaintiff's allegations establish that there is more

11  than $5 million at issue.

12         14.     Plaintiff alleges that LHIW misclassified the putative class members as

13  exempt from California's overtime laws, thereby depriving them of overtime pay.

14  Plaintiff further alleges that the putative class members were regularly owed eight (8)

15  hours of overtime per workweek.  *See* FAC ¶ 10 (LHIW "regularly scheduled Loss

16  Prevention Managers to work an average of 48 hours per workweek.").  While LHIW

17  disputes that it misclassified the putative class members, taking Plaintiff's allegations

18  as true, the overtime claim alone presents over $5 million in exposure as demonstrated

19  below.

20         15.     California law requires an employer to pay a non-exempt employee one

21  and one-half (1½) times the employee's regular rate of pay for all hours worked in

22  excess of eight (8) hours per workday or forty (40) hours per workweek.  *See* Wage

23  Order 7-2001 at 3(A).  Here, Plaintiff earned an annual salary of $42,000 from

24  November 8, 2007 to March 21, 2008, and he earned an annual salary of $43,250 from

25  March 22, 2008 to September 22, 2008, the end of his employment.  Howard Decl. at

26  ¶ 6.  Averaging these two annual salaries, Plaintiff earned an approximate hourly rate

27

28

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

4

1  of $20.49 during his employment with LHIW.[2]

2      16.    The First Amended Class Action Complaint alleges that there are
3  approximately 103 LHIW stores in the state of California.  FAC at ¶ 1.  As a general
4  matter, a LHIW store has one salaried Loss Prevention Manager.  Howard Decl. at
5  ¶ 5.  Thus, for each week during the four year class period (and counting), Plaintiff
6  effectively seeks 8 hours of alleged LPM overtime worked at each of 103 stores − −
7  824 hours per week of alleged unpaid overtime.  Using Plaintiff's approximate hourly
8  rate, as he alleges that he is "typical" of the class, the overtime claim alone exceeds $5
9  million.[3]

10     17.    Further, Plaintiff has asserted a cause of action for waiting time penalties
11 pursuant to California Labor Code § 203, which subjects an employer that willfully
12 fails to pay wages due an employee upon discharge to a penalty of one day's wages
13 for each day the employee was not paid, for up to thirty (30) days.  As set forth in the
14 Howard Declaration, there are approximately 119 former LPMs for the time period
15 applicable to Plaintiff's claims.  Howard Decl. at ¶ 4.  Thus, the potential waiting time
16 penalties are approximately $600,000.[4]

17     18.    Further still, Plaintiff seeks unspecified penalties pursuant to California
18 Labor Code §§ 2698, et seq., ("PAGA").

19     19.    Finally, Plaintiff seeks attorney's fees, which are properly included when
20 calculating the CAFA $5 million exposure threshold.  *Yeroushalmi v. Blockbuster,*
21 *Inc.*, 2005 WL 2083008, Case No. 05-cv-225 (C.D. Cal. July 11, 2005) (including
22 attorney's fees for purposes of amount in controversy requirement, and concluding
23 that the Court had jurisdiction over CAFA).

24

25

26 [2] The calculation is:  (($42,000.00 + $43,250.00) / 2) / (52 weeks in a year) / (40 hours in a
   week) = $20.49.
27 [3] The calculation is:  (103 LPMs) x (8 hours overtime per week) x ($30.74 [time and one half
   Plaintiff's regular rate of pay]) x (52 weeks) x (4 years) = $5,268,590.08.
28 [4] The calculation is:  (119 former LPMs) x ($20.49 per hour) x (8 hours) x (30 days) =
   $585,194.40.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

20.     All told, when Plaintiff's claims for overtime, waiting time penalties, PAGA penalties and attorney's fees are taken into account, it is certain that the amount in controversy in this case exceeds $5 million.

21.     Based on the foregoing, it is evident that the jurisdictional amount in controversy requirement is met and removal to this Court is proper under CAFA.

**WHEREFORE,** LHIW hereby removes this Class Action from the Superior Court of the State of California, County of Los Angeles to this Court, pursuant to 28 U.S.C. § 1441(b).

DATED:  September 24, 2009

**HUNTON & WILLIAMS LLP**

By:

Phillip J. Eskenazi
Attorneys for Defendant
LOWE'S HIW, INC.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

23797.000429 EMF_US 28451129v4
NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441(b)

**EXHIBIT A**

SUM-100

**SUMMONS** on First Amended
*(CITACION JUDICIAL)* Complaint

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

LOWE'S HIW, INC. a Washington Corporation; and DOES 1 through 50 inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MICHEAL MEYER, an individual, on behalf of all others similarly situated.

**ORIGINAL FILED**

AUG 2 5 2009

**LOS ANGELES
SUPERIOR COURT**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* |
|---|---|
| Los Angeles County Superior Court, Central District<br>111 N. Hill Street, Los Angeles, CA 90012 | BC420256 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

William E. Harris, Matthew A. Kaufman, Harris & Kaufman, 15260 Ventura Blvd., Suite 2250, CA 91403

| DATE: *(Fecha)* | AUG 2 5 2009 | JOHN A. CLARKE, CLERK | Clerk, by *(Secretario)* | PARK ENG | , Deputy *(Adjunto)* |
|---|---|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [✓] on behalf of *(specify):* Lowe's HIW, INC. a Washington Corporation

under: [✓] CCP 416.10 (corporation)     [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)     [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership)     [ ] CCP 416.90 (authorized person)
       [ ] other *(specify):*

4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

1  WILLIAM E. HARRIS (SB 76706)
   wharris@harriskaufman.com
2  MATTHEW A. KAUFMAN (166986)
   mkaufman@harriskaufman.com
3  HARRIS & KAUFMAN
4  15260 VENTURA BLVD. SUITE 2250
   SHERMAN OAKS, CALIFORNIA 91403
5  TELEPHONE: (818) 990-1999
6  FACSIMILE: (818) 990-1966

**ORIGINAL FILED**

AUG 2 5 2009

**LOS ANGELES
SUPERIOR COURT**

7  Attorneys for Plaintiff Micheal Meyer, and all individuals similarly situated

8

9        SUPERIOR COURT OF THE STATE OF CALIFORNIA

10      FOR THE COUNTY OF LOS ANGELES-UNLIMITED JURISDICTION

11  MICHEAL MEYER, an individual, on behalf ) Case No.: BC420256
12  of all others similarly situated,          )
                                               )        CLASS ACTION
13                                             )
                                               )
14                                             )  FIRST AMENDED COMPLAINT FOR
               Plaintiff,                      )  DAMAGES AND DECLARATORY
15                                             )  RELIEF
                                               )
16                                             )    1.  FAILURE TO PAY OVERTIME
17         vs.                                 )        COMPENSATION (*LABOR CODE*
                                               )        § 1194);
18                                             )    2.  CLAIM FOR STATUTORY
19                                             )        WAITING TIME PENALTIES
                                               )        (*LABOR CODE* §203);
20  LOWE'S HIW, INC. a Washington              )    3.  UNLAWFUL BUSINESS
21  Corporation; and DOES 1 through 50         )        PRACTICES (*BUSINESS &
    inclusive,                                 )        PROFESSIONS CODE* §§17200, *et
22                                             )        seq.*);
23             Defendants.                     )    4.  PENALTIES PURSUANT TO THE
                                               )        LABOR CODE PRIVATE
24                                             )        ATTORNEYS GENERAL ACT OF
                                               )        2004 (*LABOR CODE* §2698, *et seq.*,
25                                             )        §§204,226 and §515)
                                               )    5.  DECLARATORY RELIEF RE:
26                                             )        ARBITRATION AGREEMENT
27                                             )
                                               )  DEMAND FOR JURY TRIAL
28

1

FIRST AMENDED COMPLAINT

Plaintiff Micheal Meyer, individually and on behalf of all other similarly situated individuals, alleges as follows against the above-named defendants:

## I.
## THE PARTIES AND VENUE

1.   **The Named Plaintiff.**  The Plaintiff is an individual over the age of 18 years. Plaintiff was employed by the above-named defendants from in or about July 2007 to in or about February 2008.  Plaintiff was employed by defendants Lowes HIW, Inc. and DOES 1 through 50 as a Los Prevention Manager at a "Lowe's" home improvement store.  Plaintiff is informed and believes and thereon alleges that defendants own and operate at least 103 "Lowe's" stores in the state of California.

2.   **Defendants.**

(a)   Plaintiff is informed and believes and thereon alleges, that Defendant Lowe's HIW, Inc. was, and is, a corporation organized under the laws of the State of Washington and duly authorized to do business in California.

(b)   Hereinafter in the Complaint, unless otherwise specified, reference to Defendant or Defendants shall refer to all Defendants, including Does 1 through 50 and each of them.

(c)   Plaintiff is unaware of the true names and capacities of Defendants sued herein as DOES 1 through 50, inclusive, and for that reason sues said Defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named Defendants is responsible in some manner for, and proximately caused, the harm and damages alleged herein below.  Plaintiff will file and serve an amendment to this Complaint alleging the true names and capacities of said fictitiously named Defendants if and when such true names and capacities become known to Plaintiff.

(d)   Plaintiff is informed and believes and thereon alleges, that each of the Defendants named herein acted as the employee, agent, partner, alter-ego and/or joint venturer of each of the other Defendants named herein; and, in doing the acts and in carrying out the wrongful conduct

2

1   alleged herein, each of said Defendants acted within the scope of said relationship and with the

2   permission, consent and ratification of each of the other Defendants named herein.

3        3.    **Venue.** Plaintiff is informed and believes and thereon alleges that Defendants

4   have not designated a principal place of business in California with the California Secretary of

5   State. Therefore Defendants may be sued in any county of the state.

6

7                  **II.**
## CLASS ACTION ALLEGATIONS

8

9        4.    Plaintiff brings this action, pursuant to California Code of Civil Procedure §382,

10   against all Defendants on his behalf and all persons similarly situated in the State of California.

11   The class that Plaintiff represents is comprised of:

12        (a) all persons who were employed in California by Defendants as a Loss Prevention

13   Member assigned to a Lowe's store during the relevant statutory period who were paid a fixed

14   salary and worked in excess of eight (8) hours per day and/or in excess of forty (40) hours in one

15   or more workweeks; and

16

17        (b) all members of the putative classes described above who have had their rights under

18   the California Labor Code, and California Business & Professions Code violated by Defendants'

19   employment practices.

20

21        5.    **Ascertainable Classes.** The proposed Plaintiff class described at Paragraph 4,

22   above, is ascertainable. Members of the Plaintiff class can be readily identified from personnel

23   files and computer databases maintained by Defendants and from payroll and other records

24   maintained by the Defendants. The litigation of the questions of fact and law involved in this

25   action will resolve the rights of all members of the class and hence will have a binding effect on

26   all class members. The class is numerous and joinder of all class members is impracticable due

27   to both a reluctance of class members to sue their current or former employer and relatively

3

1  small monetary recovery for each class member in comparison to the costs associated with

2  separate litigation.

3

4      6.      **Community of Interest**.  The proposed class has a well-defined community of

5  interest in the questions of fact and law to be litigated.  The common questions of law and fact

6  are predominant with respect to the liability issues, relief issues and anticipated affirmative

7  defenses.  The named Plaintiff has claims typical of members of the class.  The named Plaintiff

8  can fairly and adequately represent and protect the interests of the class in that there is no

9

10  conflict between his interests and the interests of other class members.  This action is not

11  collusive, the named Plaintiff and his counsel have the resources to litigate this action, and

12  counsel have experience and ability required to prosecute this case as a class action.

13      7.      **Superiority of Class Adjudication**.  The certification of a class in this action is

14  superior to the litigation of a multitude of cases by members of the putative class.  Class

15  adjudication will conserve judicial resources and will avoid the possibility of inconsistent

16  rulings.  Moreover, there are class members who are unlikely to join or bring an action due to,

17

18  among other reasons, their reluctance to sue their current employer and/or their inability to afford

19  a separate action.  Finally, equity dictates that all persons who stand to benefit from the relief

20  sought herein should be subject to the lawsuit and hence subject to an order spreading the costs

21

22  of litigation among the class members in relationship to the benefits received.

23                                              III.
24              **DEFENDANTS' UNLAWFUL POLICIES AND PRACTICES**

25      8.      Throughout the statutory periods alleged herein, Industrial Welfare Commission,

26  Wage Order No. 7-2001, as amended, "Mercantile", contained in Title 8 of the California Code

27  of Regulations (hereinafter "Wage Order"), applied to Plaintiff and to each class member in his

28  or her employment with Defendants.

4

FIRST AMENDED COMPLAINT

9.      Throughout the statutory periods alleged herein, neither Plaintiff nor any other person employed by Defendants in the State of California in the position of a Loss Prevention Manager was exempt from the overtime provisions of California law.  Defendants, however, followed a policy and practice of classifying and treating their Loss Prevention Managers employed in California, including Plaintiff and the other class members similarly situated, as "exempt" employees as that term is defined in the Wage Order, despite the fact that Defendants failed to employ Plaintiff and the class members primarily in an administrative, executive or professional capacity as those terms are defined by the Wage Order.  Defendants' realistic requirements of the job of plaintiffs and class members in the position of Shop Director required that they work overtime without pay and regularly spend more than fifty percent (50%) of their time performing non-exempt work.

10.     Throughout the maximum statutory period alleged herein, Defendants required Plaintiff and their Loss Prevention Managers employed in California, as a condition of maintaining their employment with Defendants, to regularly work numerous overtime hours in excess of eight (8) hours per day and/or forty (40) hours per week.  Defendants regularly scheduled Loss Prevention Managers to work an average of 48 hours per workweek.  Although Defendants should have compensated said General Managers at the rate of one and one-half (1½) times their regular hourly wage for all hours worked in excess of eight (8) hours per workday or forty (40) hours per workweek and double their regular hourly wage for all hours worked in excess of twelve (12) hours per workday or in excess of eight (8) hours on the seventh workday of the week during the alleged statutory periods, they were instead compensated by a straight annual salary for all hours worked.

5

## IV.
### FIRST CAUSE OF ACTION
(Class Action Against All Defendants by Plaintiff, on Behalf of All Other Loss Prevention Managers Similarly Situated, For Failure to Pay Overtime Wages (*Labor Code* §1194))

11.    Plaintiff incorporates by reference each and every allegation set forth in paragraphs 1 through 10, as if set forth in full herein.

12.    At all relevant times herein, California Labor Code section 1194 and the Wage Order applied to Plaintiff and to each class member in his or her employment, and provided for payment of an overtime premium of not less than one and one-half (1½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours per workday or forty (40) hours per workweek, and two (2) times the employee's regular rate of pay for all hours worked in excess of twelve (12) hours per workday or in excess of eight (8) hours on the seventh workday of the week.

13.    Defendants possess or should possess the exact information regarding the number of hours worked by Plaintiff and each class member for the relevant statutory period.

14.    Plaintiff brings this action, pursuant to California Code of Civil Procedure section 382, against all Defendants on behalf of himself and all persons similarly situated in California. The class which Plaintiff represents is comprised of all persons who were employed in California by Defendants as a Loss Prevention Manager assigned to a Lowe's store during the relevant statutory period, who were paid on a fixed salaried and worked in excess of eight (8) hours per day and/or in excess of forty (40) hours in one or more workweeks. Plaintiff seeks against Defendants for each class member the balance of all unpaid wages, with interest thereon, pursuant to California Labor Code section 1194 for uncompensated overtime pay for the applicable statutory period (three (3) years).

6

FIRST AMENDED COMPLAINT

15.     As a direct and proximate result of Defendants' violation of the overtime provisions of the California Labor Code section 1194 and the Wage Order, there is due and owing to Plaintiff and to each class member overtime wages in an amount in excess of $25,000 to be established at the time of trial.

16.     Pursuant to California Labor Code section 1194, Plaintiff seeks on her behalf and on behalf of each class member, reasonable attorney's fees and interest on unpaid wages, and costs of suit.

V.

**SECOND CAUSE OF ACTION**

**(Class Action Against All Defendants by Plaintiff, on Behalf of All Other General Managers Similarly Situated, for Statutory Waiting Time Penalties for Failure to Pay Wages (*Labor Code* §203))**

17.     Plaintiff incorporates by reference each and every allegation set forth in paragraphs 1 through 10, 12 and 13 as if set forth in full herein.

18.     California Labor Code sections 201 and 202 require an employer to pay all wages earned but unpaid immediately upon the involuntary discharge of an employee or within seventy- two (72) hours of an employee's voluntary termination of employment.  If an employer intentionally or willfully fails to pay all wages earned and due upon termination, as set forth above, the affected employee is entitled to statutory waiting time penalties up to thirty (30) days of wages under California Labor Code section 203.

19.     Defendants intentionally and willfully failed to pay Plaintiff and each class member who separated from, or was discharged by, Defendants the overtime premium owed to them as required, despite the fact that those wages were due and owing to said individuals.

20.     At no time has Plaintiff or a class member who terminated their employment with Defendants during the statutory period secreted or absented themselves or otherwise refused to

7

FIRST AMENDED COMPLAINT

1   accept payment of wages earned and due to them upon termination.  Plaintiff brings this action,

2   pursuant to California Code of Civil Procedure section 382, against all Defendants on his behalf

3   and on behalf of all persons similarly situated in California.  The class which Plaintiff represents

4   is comprised of all Loss Prevention Managers assigned to a Lowe's store locations in California

5   during the statutory period, who were paid a fixed salary and who worked overtime during the

6   statutory period, and who either quit or were discharged from Defendants' employment.

7

8       21.      Plaintiff seeks against Defendants for h and for each class member the statutory

9   waiting time penalty under California Labor Code section 203.  Defendants intentionally and

10  willfully failed to pay Plaintiff and each class member the overtime premium required by the

11  Wage Order.  Thirty (30) days has expired since the end of each class member's employment

12  with Defendants.  Therefore, Plaintiff seeks an award of the statutory waiting time penalty from

13  Defendants in the amount of thirty (30) days' wages for Plaintiff and for each class member,

14  with interest thereon, in an amount to be determined at the time of trial herein.

15

16

17                          VI.
                    **THIRD CAUSE OF ACTION**
18  (Class Action Against All Defendants by Plaintiff, on Behalf of All Other General
    Managers Similarly Situated, for Restitution of Overtime Wages and Injunctive Relief for
19  Unfair Business Practices Pursuant to California Business & Professions Code sections
                              17200, et seq.)
20

21      22.      Plaintiff incorporates by reference each and every allegation set paragraphs 1

22  through 10, 12 through 14 as if set forth in full herein.

23

24      23.      Defendants' conduct as alleged above constitutes an unfair and unlawful business

25  practice within the meaning of California Business & Professions Code sections 17200 and

26  17204.  Plaintiff, on his own behalf and on behalf of all others similarly situated, seeks

27  restitution and disgorgement from Defendants of premium overtime pay withheld from salaried

28

8

1     Loss Prevention Managers who are or were employed by Defendants assigned to a Lowe's store

2     in California during the statutory period (four (4) years).

3

4             24.     As a direct and proximate result of the unlawful and unfair conduct of

5     Defendants, Plaintiff and the class members have suffered, and will continue to suffer, the loss of

6     money owed to them in a sum as yet uncertain, but in excess of $25,000.

7             25.     Unless restrained, Defendants will continue to commit the unfair and unlawful

8     business practices alleged above. Plaintiff therefore seeks a preliminary and permanent

9     injunction pursuant to California Business & Professions Code sections 17203 and 17204 to

10

11     enjoin Defendants from committing such practices in the future.

12 **VII.**<br>**FOURTH CAUSE OF ACTION**

13 **(Representative Action Against all Defendants by Plaintiff on Behalf of all Other Loss**

14 **Prevention Managers Similarly Situated, for Civil Penalties Pursuant to the Labor Code**<br>**Private Attorneys General Act (*Labor Code* §204, §226, §515 and §2698, *et seq.*))**

15

16             26.     Plaintiff incorporates by reference each and every allegation set forth in

17     paragraphs 1 through 3, 9 through 10 and 18 through 20 as if set forth in full herein.

18             27.     Labor Code Sections 2698 and 2699 are known as "The Labor Code Private

19     Attorney General Act of 2004". Labor Code Section 2699 allows for the recovery of civil

20     penalties for any violation of the Labor Code through a civil action brought by an aggrieved

21

22     employee. "An aggrieved employee" is defined in labor code section 2699 as "any person who

23     was employed by the alleged violator and against whom one or more of the alleged violations

24     was committed."

25             28.     Before filing this Complaint, plaintiff has complied with the notice

26     requirements set forth in labor code section 2699.3 (a)(1) and (2)(A), including sending notice

27     via certified mail to defendants and to the California Workforce Development Agency

28

9

First Amended Complaint

1   ("LWDA") concerning the alleged violations set forth below.  Plaintiff was informed by LWDA

2   by letter of July 27, 2009, that it has chosen not to investigate the plaintiff's allegations.  Plaintiff

3   brings this claim in his representative capacity on behalf of all other Loss Prevention Managers

4   similarly situated.

5

6          29.     Plaintiff is informed and believes, and thereon alleges, that at all relevant times,

7   defendants have violated, and continue to violate, several provisions of the California Labor

8   Code, including but not limited to:

9          (a)     Labor Code Section 204, which provides that employees must be paid in full

10

11  all wages on regular pay days, and any extraordinary amounts must be paid no later than the next

12  payroll period.

13         (b)     Labor Code Section 226 requires that employers must provide employees with

14  accurate wage statements.  Defendants statements to plaintiff and the putative class were

15

16  inaccurate in that they misstated the overtime was being paid when it was unlawfully included in

17  the stated flat salary.

18         (c)     Labor Code Section 515 establishes certain exemptions from the payment of

19  overtime (executive, administrative, and professional).  Neither plaintiff nor the putative class

20  meets the requirements to be exempt from the payment of premium overtime pay.

21

22         30.     By virtue of defendants knowing, willful, and unlawful failure to provide accurate

23  wage statements and to pay the proper overtime wages, within the applicable statute of

24  limitations, plaintiff and all other members of the class have suffered, and will continue to suffer,

25  damages and civil penalties pursuant to Labor Code Section 2699 in amounts which will be

26  ascertained according to proof at trial.

27  ///

28

10

FIRST AMENDED COMPLAINT

17

**VIII.**
**FIFTH CAUSE OF ACTION**
**(By Plaintiff on Behalf of Himself Against all Defendants for Declaration of Rights under**
**Arbitration Agreement (Code of Civil Procedure §1060)**

31.   Plaintiff incorporates by reference each and every allegation set forth in paragraphs 1 through 30 as if set forth in full herein.

32.   Plaintiff is informed and believes and therein alleges that, on or about November 2, 2007, at the inception of Plaintiff's employment with Defendants, he was given an employment offer agreement to sign which included an agreement to arbitrate disputes. The terms and conditions of the arbitration agreement were attached to the employment agreement and entitled "Lowe's HIW Inc. Agreement to Arbitrate Disputes" (hereinafter referred to as the "Arbitration Agreement" or the "agreement"). A true and correct copy of the employment offer and Arbitration Agreement are attached hereto as Exhibit "1." The signing of the employment offer and attached Arbitration Agreement were non-negotiable and mandatory as a condition of Plaintiff's employment by Defendants.

33.   Plaintiff is informed and believes and therein alleges that all members of the putative class were required as a mandatory condition of employment to sign and be bound by the Arbitration Agreement.

34.   Plaintiff contends that the Arbitration Agreement is unenforceable under the applicable law because it is procedurally and substantively unconscionable in that the agreement as a whole is tainted with illegality and thus is unenforceable.

35.   In the alternative, Plaintiff contends that the prohibitions against class-wide arbitrations, private attorney general and representative actions are unenforceable. The prohibitions undermine the vindication of plaintiff's and the putative class' unwaivable statutory rights and pose serious obstacles to the enforcement of California's laws. If the agreement is not

11

FIRST AMENDED COMPLAINT

18

deemed by the Court to be unenforceable based upon unconscionability, then the matter may proceed to class-wide and/or private attorney general or representative action arbitration. Whereas, Defendants contend that the arbitration agreement is fully enforceable and Plaintiff has properly waived the right to arbitrate on a class-wide, private attorney general and representative capacity and he must proceed to individual arbitration concerning his claims set forth in this complaint.

36.     An actual controversy exists as to the construction and enforceability of the Arbitration Agreement. There is no adequate remedy other than that prayed for exists by which the rights of the parties may be determined.

## PRAYER

WHEREFORE, Plaintiff, and class members, pray for judgment against Defendants, and each of them, as follows:

ON THE FIRST CAUSE OF ACTION:

     a.  For compensatory damages including, but not limited to, lost wages and overtime compensation in excess of $25,000.

     b.  For pre- and post-judgment interest.

     c.  For reasonable attorney's fees and costs pursuant to Labor Code section 1194(a).

ON THE SECOND CAUSE OF ACTION:

     d.  For the statutory waiting time penalties pursuant to California Labor Code section 203.

     e.  For pre- and post-judgment interest.

ON THE THIRD CAUSE OF ACTION:

     f.  For an order requiring Defendants to make full restitution of all money and other property acquired by their violation of Business and Professions Code section 17200 et seq.

12

FIRST AMENDED COMPLAINT

g.   For a preliminary and permanent injunction enjoining defendants from committing the unfair and unlawful business practices.

h.   For pre- and post-judgment interest.

<u>ON THE FOURTH CAUSE OF ACTION</u>

i.   For civil penalties according to proof.

<u>ON THE FIFTH CAUSE OF ACTION</u>

j.   A declaration that the attached Agreement to Arbitrate Disputes is unenforceable or in the alternative, for an order striking the unconscionable terms.

k.   In the alternative, the purported class action, private attorney general and/or the representative action waivers are unenforceable and invalid.

<u>ON ALL CAUSES OF ACTION:</u>

l.   For costs and expenses in this action; and

m.   Any other and further relief as the nature of the case may require, and, or that the Court deems proper.

HARRIS & KAUFMAN

DATED:  August 24, 2009

By: _____
William E. Harris,
Attorneys for Plaintiff Micheal Meyer

**JURY DEMAND**

Plaintiff respectfully demands a trial by jury on all claims so triable and an advisory jury for a factual determination on all equitable claims.

HARRIS & KAUFMAN

DATED:  August 24, 2009

By: _____
William E. Harris,
Attorneys for Plaintiff Micheal Meyer

13

FIRST AMENDED COMPLAINT

EX  /

# EXHIBIT 1

9493495453          fluor                                          01:2F   5.m.   06-19-2009          2/6

11/02/07

Dear Michael Meyer:

I am pleased to offer you the position of **Loss Prevention Manager** with Lowe's HIW, Inc. In this position, you will report to Aaron Anderson, ALPM. Your effective date of employment will be determined upon acceptance. We have a tremendous opportunity for you here at Lowe's and feel you will make an excellent addition to our Team. The details of our offer include:

### 1. SALARY

Your initial bi-weekly salary will be **$1,615.39 ($42,000 annual)** . Annual performance evaluations are conducted in March.

You must be in the Loss Prevention Manager position for 12 months before applying for other opportunities within Lowe's.

### 2. RETIREMENT PLANS

Employees are eligible to participate in the Lowe's 401(k) plan after 90 days of continuous service. Employees may defer from 1% to 50% of their eligible compensation, on a pre-tax basis, not to exceed the $13,000 IRS limit (as indexed) on elective deferrals. After one year of service, Lowe's provides a baseline match of 100% of the first 1% that you contribute and 25% on contributions from 2% to 6%. Employees whose third anniversary date of hire occurs before the end of the fiscal year, who are employed on the last day of the fiscal year and who have contributed to the 401(k) plan during that fiscal year are also eligible for an additional 401(k) employer contribution called a performance match. The performance match is expressed as a percentage of the baseline match you receive during the fiscal year and is determined by company performance. The performance match, if earned, varies from 100% at 15% growth in corporate net before tax profits (NBT) over the prior year to 350% at 30% NBT growth. There are 14 investment funds available in the plan, and company match amounts are invested according to the participant's elective deferral investment choices. The 401(k) plan accepts "eligible rollover distributions" from prior tax qualified employer plans.

### 3. HEALTH INSURANCE

Eligibility for participation in one of Lowe's health plans will be after completion of 90 days of service. However, enrollment is available only during the initial 60 days of full-time employment, (2) within the timeframe allowed for a special enrollment or (3) during the annual enrollment period. The plans are available at competitive rates. Lowe's health plans will accept certificates of prior health coverage to reduce our 12 month exclusion period for pre-existing conditions in accordance with the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

### 4. VACATION

Based on your position, you will begin to accrue and be able to take vacation as of your employment date. Vacation will be accrued at .219 hours per calendar day while you are actively employed <u>providing two weeks of paid vacation for employees who work through the end of the fiscal year.</u>

---

LPM Offer Letter                                                                                    1

Lowe's Loan Processing and Sales Department

Currently, accrual rates increase after five and fifteen years of service providing the opportunity to accrue three weeks of vacation after five consecutive years and four weeks of vacation after fifteen consecutive years of service.

## 5.  HOLIDAYS

Paid holidays, if eligible, include:  New Year's Day, Labor Day, Memorial Day, Thanksgiving Day,  July  4th, Christmas Day

## 6.  OTHER BENEFITS

\*Dental Plan
\*Basic Sick Pay Plan
\*Supplemental Sick Pay Plan
\*Long Term Disability Plan
\*Basic Term Life Insurance Plan (1 times base salary)
\*Supplemental Term Life Insurance Plan (up to 8 times base salary)
\*Personal Accident Plan
\*Travel Accident Plan
\*Employee Discount
\*Lowe's Stock Purchase Plan
\*Flexible Spending Accounts Plan
\*Discount Vision Plan
\*Pre-paid Legal, Auto/Home Insurance, Long – Term Care Insurance, Home Buyers Assistance, GM Vehicle Discount Program

## 7.  ELIGIBILITY FOR EMPLOYMENT

In compliance with the U.S. Immigration Reform and Control Act of 1986, we are required to verify that you are legally eligible for employment within the United States by completing Form I-9, *"Employment Eligibility Verification"*. Please review the attached list of documents and bring such documents with you on your first day of employment.

## 8.  AT-WILL EMPLOYMENT

Your employment is at-will, meaning that you can resign at any time for any reason, with or without cause. Likewise, Lowe's HIW, Inc. may terminate your employment at any time for any reason, with or without cause.  This at-will nature of your employment may not be changed or modified in any respect unless specifically agreed in a written agreement signed by you and the President of Lowe's HIW, Inc.

The terms of this offer are strictly confidential and are contingent upon verification of your eligibility to work in the United States, and the successful completion of employment screening including, but not limited to:  professional reference checks, drug test, criminal record inquiry, motor vehicle checks and investigation.  Your acceptance of this offer indicates that you will not disclose the terms of this offer to anyone outside of Lowe's management.

Your employment relationship with Lowe's is governed by the "Employment At Will" doctrine. This simply means the contract of employment between you and the Company is terminable at the will of either party, with or without cause, at any time and for any reason. This policy cannot be modified by any statements or omissions of statements by any member of management or Company representative, manuals, guides, employment documents, or Company materials provided in connection with your employment, whether made pre or post employment unless approved, in writing, by the President of Lowe's.

## 9.  AGREEMENT TO ARBITRATE DISPUTES

LPM Offer Letter                                                                2

24

See attached Agreement to Arbitrate Disputes.  Sign and return this Arbitration Agreement.

## 10. COMPLETE OFFER

Except as specifically set forth herein, you agree that no other promises or representations govern the terms of conditions of your employment.  Any representations made prior to the execution of this letter by both parties are expressly disclaimed.

The terms of this offer are strictly confidential and are contingent upon verification of your eligibility to work in the United States, and the successful completion of employment screening including, but not limited to:  professional reference checks, drug test, criminal record inquiry, motor vehicle checks and investigation.  Your acceptance of this offer indicates that you will not disclose the terms of this offer to anyone outside of Lowe's management.  Additionally, you agree that the above offer is based solely on the promises herein, that this agreement contains all the promises and representations made to you, and you acknowledge that there are no other representations upon which you rely in accepting employment with the company.

Your employment relationship with Lowe's is governed by the "Employment At Will" doctrine.  This simply means the contract of employment between you and the Company is terminable at the will of either party, with or without cause, at any time and for any reason.  This policy cannot be modified by any statements or omissions of statements by any member of management or Company representative, manuals, guides, employment documents, or Company materials provided in connection with your employment, whether made pre or post employment unless approved, in writing, by the President of Lowe's.

We look forward to your joining our aggressive, innovative management team.

Please respond by signing and returning one copy of this letter, and the Salaried-Overtime Eligible form within 5 working days.

Sincerely,


Aaron D. Anderson
Area LP and Safety Manager.

_____

_____) accept this offer of employment.   _____ I decline this offer of employment.

Signature _____Date_____



_____

LPM Offer Letter

3

25

9493495453          fluor                                        01:27 p.m.    05-19-2009            5/6



**HIW Inc.**

## AGREEMENT TO ARBITRATE DISPUTES

In exchange for the offer of employment extended by Lowe's HIW, Inc. to you, and in consideration of such offer of employment, which you hereby accept, you and Lowe's HIW, Inc. agree that any controversy between you and Lowe's HIW, Inc. (including agents of Lowe's HIW, Inc.) arising out of your employment or the termination of your employment shall be settled by binding arbitration (at the insistence of either you or Lowe's HIW, Inc.) in accordance with the arbitration procedures of the American Arbitration Association, under its National Rules for the Resolution of Employment Disputes. You acknowledge that a copy of the AAA National Rules has been made available for your review in the location. Should the AAA decline to administer the arbitration for any reason, the parties will select an arbitrator using the procedures employed by the AAA, who will employ the rules and procedures set up in the AAA National Rules for the Resolution of Employment Disputes. In this event, the list of potential arbitrators for selection must include only individuals who are attorneys with at least 10 years experience in employment law.

This agreement to arbitrate means that there will be no court or jury trial of disputes between you and Lowe's HIW, Inc. which arise out of your employment or the termination of your employment.

**This agreement to arbitrate is intended to be broad and to cover, to the extent otherwise permitted by law, all such disputes, including but not limited to those arising out of federal and state statutes and local ordinances, such as: Title VII of the Civil Rights Act of 1964, as amended; the Civil Rights Act of 1866; the Equal Pay Act; the Fair Labor Standards Act; the Pregnancy Discrimination Act; the Age Discrimination in Employment Act; the Family and Medical Leave Act; the Americans with Disabilities Act; and any similar federal, state or local laws. However, this provision is not applicable to (1) your rights under Workers' Compensation Law, which are governed under the special provisions of that law, or (2) your rights under the Employee Retirement Income Security Act (ERISA).**

The parties will mutually select an arbitration location.

If you initiate arbitration, you will be responsible for paying a filing fee equivalent to the fee you would have to pay if you filed a complaint in federal court (currently $120.00). The arbitrator will have the authority to waive this filing fee if you can prove financial hardship. Lowe's HIW, Inc. will bear the remainder of the arbitration filing fees and the fees and expenses of the arbitrator. If you fail to prevail in the arbitration, you will bear the full amount of any attorney fees and expenses that you incurred in regard to this arbitration. In addition, the arbitrator will have the authority to award some or all of the fees and expenses Lowe's paid if the arbitrator finds that your pursuit of arbitration was unreasonable under the circumstances or in bad faith.

This agreement to arbitrate may not be changed or modified in any respect unless specifically agreed in a written agreement signed by you and Lowe's HIW, Inc.

This Agreement is the full and complete agreement relating to the formal resolution of employment-related disputes. If any part(s) of this Agreement are found by a court of competent jurisdiction to be unconscionable or unenforceable, the court shall reform this Agreement to the extent necessary to cure the unconscionable or unenforceable part(s), and the parties will arbitrate their dispute(s) without reference to or reliance upon the unconscionable or unenforceable part(s).

Unless controlling legal authority requires otherwise, there shall be no right or authority for any dispute to be heard or arbitrated on a class action basis, as a private attorney general, or on a basis involving disputes brought in a purported representative capacity on behalf of the general public, any other current, prospective or former employees, or any (other) persons similarly situated to either party; provided,

LPM Offer Letter                                                                                4

**EXHIBIT B**

1  Phillip J. Eskenazi (SBN 158976)
   peskenazi@hunton.com
2  **HUNTON & WILLIAMS LLP**
   550 South Hope Street, Suite 2000
3  Los Angeles, California 90071-2627
   Telephone: (213) 532-2000
4  Facsimile: (213) 532-2020

5  Attorneys for Defendant
   LOWE'S HIW, INC.

6

7

**CONFORMED COPY**
OF ORIGINAL FILED
Superior Court of California
County of Los Angeles

SEP 23 2009

John A. Clarke, Executive Officer/Clerk

By _____, Deputy
   RUGENA LOPEZ

8           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9               **FOR THE COUNTY OF LOS ANGELES**

10

11  MICHEAL MEYER, an individual, on behalf of
    others similarly situated,

12                    Plaintiff,

13  v.

14

15  LOWE'S HIW, INC., a Washington
    corporation; DOES 1 through 50, inclusive,

16                    Defendants.

17

|  |  |
|---|---|
| CASE NO.:  BC420256 | |
| [Hon. Malcolm Mackey, Dept. 55] | |
| **DEFENDANT LOWE'S HIW, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED FIRST AMENDED COMPLAINT** | |
| Complaint Filed:  August 21, 2009 | |

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT LOWE'S HIW, INC.'S ANSWER TO FIRST AMENDED COMPLAINT

27

1    Lowe's HIW, Inc. (hereinafter "Defendant"), by and through its undersigned counsel, files its

2    Answer to the unverified First Amended Complaint for Damages and Declaratory Relief ("First

3    Amended Complaint") of Plaintiff Micheal Meyer ("Plaintiff").

4

5                    **GENERAL DENIAL OF ALLEGATIONS**

6        Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant generally

7    denies the unverified allegations in the First Amended Complaint.

8

9                        **AFFIRMATIVE DEFENSES**

10       Without waiving or excusing the burden of proof on Plaintiff's causes of action, or admitting

11   that Defendant has any burden of proof, Defendant hereby asserts the following affirmative

12   defenses:

13                    **FIRST AFFIRMATIVE DEFENSE**

14                      **(Failure to State a Claim)**

15       1.    The First Amended Complaint fails to state a claim upon which relief may be granted.

16                   **SECOND AFFIRMATIVE DEFENSE**

17                      **(Statute of Limitations)**

18       2.    The First Amended Complaint and each purported claim contained therein are barred

19   to the extent Plaintiff or any of the members of the putative class he purports to represent seek relief

20   for conduct occurring outside the applicable statute of limitation, including, without limitation, Cal.

21   Civ. Proc. Code §§ 338 and 340, and Cal. Bus. & Prof. Code § 17208.

22                    **THIRD AFFIRMATIVE DEFENSE**

23                   **(Applicable Overtime Exemptions)**

24       3.    Plaintiff is not entitled to the relief sought in the First Amended Complaint because,

25   at all relevant times, Plaintiff and the individuals that he seeks to represent met various exemptions

26   from California's overtime requirements, including but not limited to, the administrative exemption

27   and the executive exemption.  Plaintiff's causes of action are based on statutes that do not apply to

28   exempt employees.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

## FOURTH AFFIRMATIVE DEFENSE

### (Justification/Privilege)

4.     Plaintiff's claims are barred, in whole or in part, because at all times Defendant's conduct was privileged by virtue of being approved, allowed, and/or sanctioned by California law and/or California governmental entities.

## FIFTH AFFIRMATIVE DEFENSE

### (Good Faith)

5.     Plaintiff's claims are barred, in whole or in part, because Defendant at all times acted in good faith and had reasonable grounds for believing that it did not violate California law.

## SIXTH AFFIRMATIVE DEFENSE

### (California Labor Code § 2856)

6.     Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to substantially comply with all of the directions of his employer concerning the events at issue.

## SEVENTH AFFIRMATIVE DEFENSE

### (Reasonable Care)

7.     Plaintiff's claims are barred, in whole or in part, because Defendant took reasonable steps to correct and/or prevent any of the harm alleged in the First Amended Complaint, and Plaintiff failed to take advantage of opportunities to avoid harm.

## EIGHTH AFFIRMATIVE DEFENSE

### (Administrative Remedies)

8.     Plaintiff's claims for relief are barred to the extent that he was required, but failed, to exhaust his administrative remedies.

## NINTH AFFIRMATIVE DEFENSE

### (No Unlawful Penalties)

9.     Plaintiff is barred from any recovery under California Labor Code section 2699 because the penalties he seeks would result in an award that is unjust, arbitrary, oppressive, or confiscatory based on the facts and circumstances of this case.

///

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

2

## TENTH AFFIRMATIVE DEFENSE

### (Consent)

10.     Plaintiff's claims are barred, in whole or in part, because Plaintiff consented to and acquiesced in the alleged conduct.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

11.     Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## TWELFTH AFFIRMATIVE DEFENSE

### (Estoppel)

12.     Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Laches)

13.     Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Res Judicata)

14.     Some or all of Plaintiff's claims are barred by the doctrine of res judicata.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (*De Minimis* Doctrine)

15.     Plaintiff's recovery, in whole or in part, must be reduced pursuant to the *de minimis* doctrine.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

16.     Plaintiff's damages, if any, must be reduced to the extent that he failed to mitigate any such damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Offset)

17.     Defendant is entitled to an offset against any relief sought by Plaintiff based upon his wrongful conduct and/or monies owed to Defendant.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

18.     Plaintiff lacks the standing and/or capacity to assert some of all of the claims alleged against Defendant in the First Amended Complaint.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Proximate Causation)

19.     Plaintiff's damages, if any, were not proximately caused by any unlawful policy, custom, practice, and/or procedure promulgated and/or tolerated by the Defendant.

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Right to Jury Trial)

20.     Plaintiff has no right to a jury trial on all his causes of action.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

21.     Plaintiff's recovery is limited and/or barred by the after-acquired evidence doctrine.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Unclean Hands)

22.     Plaintiff's claims and damages, if any, are barred, in whole or in part, by his own unclean hands.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Paid All Sums)

23.     The First Amended Complaint and each purported claim contained therein are barred because Defendant has paid Plaintiff and the members of the putative class all sums due them.

## OTHER DEFENSES

Defendant may have additional defenses that cannot be articulated at this time.  Defendant therefore does not waive any defenses and reserves the right to assert additional defenses.

///

///

///

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

## PRAYER FOR RELIEF

**WHEREFORE,** Defendant prays for judgment as follows:

1.     That all relief requested in the First Amended Complaint be denied with prejudice;

2.     That Plaintiff take nothing by virtue of this action;

3.     For costs of suit incurred herein; and

4.     For such other and further relief as the Court may deem proper.

Dated: September 23, 2009

HUNTON & WILLIAMS LLP

By: _____

Phillip J. Eskenazi
Attorneys for Defendant
LOWE'S HIW, INC.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

 I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to this action.  My business address is 550 South Hope Street, Suite 2000, Los Angeles, California 90071.

 On **September 23, 2009,** I served the foregoing document(s) described as **DEFENDANT LOWE'S HIW, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED FIRST AMENDED COMPLAINT,** on the interested parties in this action:

William E. Harris
Matthew A. Kaufman
**HARRIS & KAUFMAN**
15260 Ventura Blvd., Suite 2250
Sherman Oaks, California  91403
Tel. (818) 990-1999
Facsimile (818) 990-1966

☐  **By FAX:**  by causing a true copy thereof to be sent via facsimile to the attorney(s) of record at the telecopier number(s) so indicated above and that the transmission was reported as completed and without error.

☒  **By MAIL:**  by placing true and correct copy(ies) thereof in an envelope addressed to the attorney(s) of record, addressed as stated above.

☐  **By PERSONAL SERVICE:**  I delivered the envelope by hand on the addressee, addressed as stated above.

☐  **By FEDERAL EXPRESS:**  by causing same to be delivered via Federal Express to the addressee(s).

 I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

 Executed on **September 23, 2009,** Los Angeles, California.

ROXANA GUEVARA

**EXHIBIT C**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 09/01/09 | | | DEPT. 311 |
|---|---|---|---|
| HONORABLE CARL J. WEST | JUDGE | E. SABALBURO | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE | Deputy Sheriff | NONE | Reporter |

| 8:30 am | BC420256 | Plaintiff Counsel | NO APPEARANCES |
|---|---|---|---|
| | MICHAEL MEYER VS LOWE'S HIW INC | Defendant Counsel | |

NON-COMPLEX (09-01-09)

**NATURE OF PROCEEDINGS:**

COURT ORDER

This Court makes its determination whether or not this case should be deemed complex pursuant to Rule 3.400 of the California Rules of Court.

This case is designated non-complex and is reassigned to Judge Joanne O'Donnell in Department 37 at Stanley Mosk Courthouse for all further proceedings.

Plaintiff is ordered to serve a copy of this minute order on all parties forthwith and file a proof of service in Department 37 within five (5) days of service.

Any party objecting to the non-complex designation must file an objection and proof of service in Department 311 within ten (10) days of service of this minute order. Any response to the objection must be filed in Department 311 within seven (7) days of service of the objection. This Court will make its ruling on the submitted pleadings.

              CLERK'S CERTIFICATE OF MAILING/
                 NOTICE OF ENTRY OF ORDER

                    Page   1 of   2   DEPT. 311

```
MINUTES ENTERED
09/01/09
COUNTY CLERK
```

34

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 09/01/09                                                    DEPT. 311

HONORABLE  CARL J. WEST          JUDGE   E. SABALBURO        DEPUTY CLERK

HONORABLE                        JUDGE PRO TEM               ELECTRONIC RECORDING MONITOR

           NONE            Deputy Sheriff   NONE             Reporter

8:30 am   BC420256          Plaintiff
                            Counsel
          MICHAEL MEYER                            NO APPEARANCES
          VS                Defendant
          LOWE'S HIW INC    Counsel

          NON-COMPLEX (09-01-09)

NATURE OF PROCEEDINGS:

I, the below named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am not
a party to the cause herein, and that this date I
served Notice of Entry of the above minute order of
09-02-09 upon each party or counsel named below by
depositing in the United States mail at the courthouse
in Los Angeles, California, one copy of the
original entered herein in a separate sealed envelope
for each, addressed as shown below with the postage
thereon fully prepaid.

Date: 09-02-09

John A. Clarke, Executive Officer/Clerk

By: _____
          K. HILAIRE


HARRIS & KAUFMAN
William E. Harris, Esq.
15260 Ventura Boulevard, Suite 2250
Sherman Oaks, California  91403


                Page   2 of   2   DEPT. 311         MINUTES ENTERED
                                                    09/01/09
                                                    COUNTY CLERK

**EXHIBIT  D**

1   WILLIAM E. HARRIS (SB 76706)
    wharris@harriskaufman.com
2   MATTHEW A. KAUFMAN (166986)
    mkaufman@harriskaufman.com
3   HARRIS & KAUFMAN
4   15260 VENTURA BLVD. SUITE 2250
    SHERMAN OAKS, CALIFORNIA 91403
5   TELEPHONE: (818) 990-1999
6   FACSIMILE: (818) 990-1966

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

SEP 10 2009

John A. _____, Executive Officer/Clerk
By _____, Deputy
    GLORIETTA ROBINSON

7   Attorneys for Plaintiff Micheal Meyer, and all individuals similarly situated

8

9          SUPERIOR COURT OF THE STATE OF CALIFORNIA

10       FOR THE COUNTY OF LOS ANGELES-UNLIMITED JURISDICTION

11

12

13   MICHEAL MEYER, an individual, on behalf )   Case No.: BC420256
     of all others similarly situated,       )
14                                           )
                                             )   CLASS ACTION
15                   Plaintiff,              )
                                             )   **PEREMPTORY CHALLENGE TO**
16          vs.                              )   **JUDGE JOANNE O'DONNELL,**
                                             )   **DEPARTMENT 37**
17   LOWE'S HIW, INC. a Washington           )
     Corporation; and DOES 1 through 50      )
18   inclusive,                              )   **[C.C.P. §170.6]**
                                             )
19                   Defendants.             )
                                             )
20

21

22   I, William E. Harris, declare as follows:

23          1.      I am one of the attorneys of record for the plaintiff in the above-entitled action.

24   Judge Joanne O'Donnell, the judge who has been assigned this case for all purposes, is

25   prejudiced against the plaintiff or their attorneys, or against the interest of said plaintiffs or their

26   attorneys, so that this declarant cannot or believes that he cannot have a fair and impartial trial or

27   hearing before said judge.

28

1

PEREMPTORY CHALLENGE TO JUDGE JOANNE O'DONNELL, DEPT. 37

1    I declare under penalty of perjury under the laws of the State of California that the

2    foregoing is true and correct.  Executed at Sherman Oaks, California, on September 9, 2009

3    September 9, 2009.

4    _____

5                    William E. Harris

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

PEREMPTORY CHALLENGE TO JUDGE JOANNE O'DONNELL, DEPT. 37

**EXHIBIT E**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 09/14/09 | | DEPT. 37 |
| HONORABLE JOANNE O'DONNELL   JUDGE | H. A. SMITH | DEPUTY CLERK |
| HONORABLE               JUDGE PRO TEM
14. | | ELECTRONIC RECORDING MONITOR |
| N. AVALOS, C.A.   Deputy Sheriff | NONE | Reporter |

| | | |
|---|---|---|
| BC420256 | Plaintiff
Counsel | NO APPEARANCES |
| MICHAEL MEYER
VS
LOWE'S HIW INC | Defendant
Counsel | |
| NON-COMPLEX (09-01-09) | | |

NATURE OF PROCEEDINGS:

PEREMPTORY CHALLENGE PURSUANT TO C.C.P. 170.6;

A Peremptory Challenge Pursuant to Code of Civil
Procedure Section 170.6, filed by plaintiff on
September 10, 2009, is found by the court to be
timely filed, in proper format and is accepted.

The case is ordered transferred to Department 1
for reassignment.

Counsel for plaintiff to give notice.

### CLERK'S CERTIFICATE OF MAILING/
### NOTICE OF ENTRY OF ORDER

I, the below named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am not
a party to the cause herein, and that this date I
served Notice of Entry of the above minute order of
09-14-09 upon each party or counsel named below by
depositing in the United States mail at the courthouse
in Los Angeles, California, one copy of the
original entered herein in a separate sealed envelope
for each, addressed as shown below with the postage
thereon fully prepaid.

Date:  09-14-09

John A. Clarke, Executive Officer/Clerk

Page   1 of   2   DEPT. 37

MINUTES ENTERED
09/14/09
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 09/14/09 | | DEPT. 37 |
| HONORABLE JOANNE O'DONNELL   JUDGE | H. A. SMITH | DEPUTY CLERK |
| HONORABLE   JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| 14. | | |
| N. AVALOS, C.A.   Deputy Sheriff | NONE | Reporter |

| | | |
|---|---|---|
| BC420256 | Plaintiff Counsel | |
| MICHAEL MEYER | | NO APPEARANCES |
| VS | Defendant | |
| LOWE'S HIW INC | Counsel | |
| | | |
| NON-COMPLEX (09-01-09) | | |

NATURE OF PROCEEDINGS:

By: _H. A. Smith_
        H. A. SMITH

William E. Harris
Matthew A. Kaufman
HARRIS & KAUFMAN
15260 Ventura Blvd., Suite 2250
Sherman Oaks, CA  91403

Page   2 of   2   DEPT. 37

MINUTES ENTERED
09/14/09
COUNTY CLERK

39

**EXHIBIT F**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 09/17/09

DEPT. 1

HONORABLE ELIHU M. BERLE   JUDGE   J. JONES   DEPUTY CLERK

HONORABLE   JUDGE PRO TEM   ELECTRONIC RECORDING MONITOR
#30

J. BALTAZAR, C.A.   Deputy Sheriff   NONE   Reporter

10:16 am BC420256

MICHAEL MEYER
VS
LOWE'S HIW INC

Plaintiff   NO APPEARANCE
Counsel

Defendant   NO APPEARANCE
Counsel

170.6 - Judge O'Donnell
NON-COMPLEX (09-01-09)

**NATURE OF PROCEEDINGS:**

170.6 CCP RE-ASSIGNMENT

Good cause appearing and on order of the Court, the
above matter is reassigned from Department 37, Judge
Joanne O'Donnell to Department 55, Judge Malcolm
Mackey, for all further proceedings.

If any appearing party has not yet exercised
a peremptory challenge under 170.6 CCP, peremptory
challenges by them to the newly assigned judge must be
timely filed within the 10 day period specified in
Section 170.6 CCP, with extensions of time pursuant
to CCP 1013 if service is by mail.  Previously non-
appearing parties, if any, have a 15-day statutory
period from first appearance to file a peremptory
challenge (68616(1) Govt. Code).

Moving party to give notice.

CLERK'S CERTIFICATE OF MAILING/
NOTICE OF ENTRY OF ORDER

I, the below named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am not
a party to the cause herein, and that this date I
served Notice of Entry of the above minute order of
09-17-09 upon each party or counsel named below by
depositing in the United States mail at the courthouse
in Los Angeles, California, one copy of the
original entered herein in a separate sealed envelope

Page   1 of   2   DEPT. 1

MINUTES ENTERED
09/17/09
COUNTY CLERK

40

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 09/17/09 | | **DEPT. 1** |
| HONORABLE  ELIHU M. BERLE | JUDGE  J. JONES | DEPUTY CLERK |
| HONORABLE #30 | JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| J. BALTAZAR, C.A. | Deputy Sheriff  NONE | Reporter |

| | | |
|---|---|---|
| 10:16 am | BC420256 | Plaintiff  NO APPEARANCE |
| | MICHAEL MEYER | Counsel |
| | VS | |
| | LOWE'S HIW INC | Defendant  NO APPEARANCE |
| | | Counsel |
| | 170.6 - Judge O'Donnell | |
| | NON-COMPLEX (09-01-09) | |

**NATURE OF PROCEEDINGS:**

for each, addressed as shown below with the postage
thereon fully prepaid.

Date: September 17, 2009

John A. Clarke, Executive Officer/Clerk

By: _____
            J. JONES

Willaim E. Harris
Matthew A. Kaufman
HARRIS & KAUFMAN
15260 Ventura Blvd., Suite 2250
Sherman Oaks, CA 91403

Page    2 of    2    DEPT. 1

MINUTES ENTERED
09/17/09
COUNTY CLERK