1   WILLIAM E. HARRIS (SB  76706)
    wharris@harriskaufman.com
2   MATTHEW A. KAUFMAN (166986)
3   mkaufman@harriskaufman.com
    HARRIS & KAUFMAN
4   15260 VENTURA BLVD. SUITE 2250
5   SHERMAN OAKS, CALIFORNIA 91403
    TELEPHONE: (818) 990-1999
6   FACSIMILE: (818) 990-1966
7   *Attorneys for Plaintiff Micheal Meyer, an individual, on behalf of all others*
8   *similarly situated*

9              **UNITED STATES DISTRICT COURT**
10             **CENTRAL DISTRICT OF CALIFORNIA**

11  MICHEAL MEYER, an individual, on ) Case No.: CV-09-6962-DDP (RZx)
12  behalf of all others similarly situated,  )
                                              )
13                                            ) **STIPULATION BY ALL PARTIES TO**
                                              ) **TRANSFER VENUE AND**
14              Plaintiff,                     ) **CONSOLIDATE FOR ALL PURPOSES**
                                              ) ***TORRES ET AL V. LOWE'S HIW, INC.,***
15          vs.                               ) **EASTERN DISTRICT CASE NO. 1-09-CV-**
                                              ) **01179-AWI-GSA, TO *MEYER V. LOWE'S***
16                                            ) ***HIW, INC.,* -CENTRAL DISTRICT CASE**
17  LOWE'S HIW, INC. a Washington            ) **NO. CV-09-6962-DDP(RZx);**
    Corporation; and DOES 1 through 50       ) **DECLARATION OF WILLIAM E.**
18  inclusive,                                ) **HARRIS; ([PROPOSED] ORDER**
                                              ) **LODGED HEREWITH)**
19              Defendants.                    )
20  _____          )
21  ALEX CARDENAS and ZACHARY                ) **UNITED STATES DISTRICT COURT**
22  TORRES, all individually and on behalf ) **EASTERN DISTRICT OF CALIFORNIA,**
    of all others similarly situated;        ) **FRESNO DIVISION**
23                                            )
                                              )
24              Plaintiffs,                    ) Case No.: 1:09-CV-01179-AWI-GSA
                                              )
25          vs.                               )
26                                            )
    LOWE'S HIW, INC. and DOES 1-10,          )
27  inclusive,                                )
                                              )
28              Defendants.                    )

                              1

Plaintiffs Alex Cardenas and Zachary Torres in *Torres et al. v. Lowe's HIW, Inc.*, plaintiff Micheal Meyer in *Meyer v. Lowe's HIW, Inc.*, and defendant Lowe's HIW, Inc. in both actions, by and through their respective counsel of record, hereby stipulate to the following:

## RECITALS

1.      On July 8, 2009, *Torres, et al v. Lowe's HIW, Inc.* was filed in the US District Court for the Eastern District of California, Fresno Division ("*Torres* Action"). The *Torres* Action was assigned to the Honorable Chief Judge Anthony W. Ishii and bears case no. 1:09-CV-01179-AWI-GSA.

2.      No ruling or orders have been made in the *Torres* Action to date. There is an initial scheduling conference set for November 5, 2009.

3.      On August 21, 2009, plaintiff Micheal Meyer filed his Complaint against defendant Lowe's HIW, Inc. in the Los Angeles Superior Court. On August 25, 2009, Meyer filed a First Amended Complaint. ("*Meyer*" Action). On September 24, 2009, defendant Lowe's HIW, Inc. timely removed the *Meyer* Action to the U.S. District Court for the Central District of California, pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332 (d), 1453, 1711-1715. The *Meyer* Action is assigned to the Honorable Dean D. Pregerson.

4.      No hearing dates have been set in the *Meyer* Action.

5.      Both the *Torres* Action and *Meyer* Action plead purported class actions for alleged overtime/exemption misclassification on behalf of former and current salaried Loss Prevention Managers employed in defendant Lowe's HIW, Inc.'s home improvement stores in California. Both cases seek to certify the identical class on nearly identical claims. The claims pled in each of the cases are similar if not identical, except that the *Torres* Action pleads an additional claim for alleged missed meal breaks while the *Meyer* Action pleads an additional claim for

STIPULATION BY ALL PARTIES TO TRANSFER AND CONSOLIDATE *TORRES* AND *MEYER V. LOWE'S HIW, INC.*; DECLARATION OF WEH

1   civil penalties under the California Labor Code Private Attorneys General Act of

2   2004.

3          6.     Both the *Torres* Action and *Meyer* Action are in similar stages of

4   litigation and consolidation of the cases will not delay the progress of either case.

5          7.     The Central District Court would be a more convenient venue for the

6   parties, potential witnesses and counsel than the Eastern District Court, Fresno

7   Division, California.

8                                  **STIPULATION**

9          NOW, THEREFORE, the parties stipulate and agree to the following:

10  That venue in the *Torres* Action be transferred and consolidated for all purposes to

11  the *Meyer* Action in the U.S. District Court, Central District of California.

12

13

14  **Plaintiffs' Counsel:**

15                              FIBICH, HAMPTON, LEEBRON, LLP

16

17                              BRUCKNER BURCH PLLC

18                              LAW OFFICE OF STUART R.

19  Dated: October 3/, 2009      CHANDLER

20

21                              By: _____

22                                  Richard Burch,
                                    Plaintiff's Counsel in
23                                  *Torres* Action

24

25                              HARRIS & KAUFMAN

26

27  Dated: October 30, 2009       By: _____

28                                  William E. Harris,

                                        3

1

Plaintiff's Counsel in
*Meyer* Action

2

3

**Defendant's Counsel:**

4

5

HUNTON & WILLIAMS LLP

6
Dated: ~~October~~ _November 2_, 2009

7

By: _____

8
Phillip J. Eskenazi,
Counsel for Defendant, Lowe's HIW,
9
Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

## DECLARATION

I, William E. Harris, Declare:

1.      I am an attorney at law licensed to practice law by the State Bar of California and admitted to practice as an attorney in the U.S. District Court, Central District of California.  I am a partner in the law firm of Harris & Kaufman, attorneys of record for plaintiff Micheal Meyer in the action styled *Meyer v. Lowe's HIW, Inc.,* U.S. District Court for the Central District of California, bearing Case CV-09-6962-DDP (RZx) (hereinafter "*Meyer* Action").  If called upon to testify I would and could completely testify to the facts set forth herein.

2.      On August 21, 2009, on behalf of plaintiff Meyer, my firm filed the *Meyer* Action in the Los Angeles Superior Court, Central District.  The Case was assigned case No. BC420256.  On August 25, 2009, my firm filed a First Amended Complaint in the *Meyer* Action.  Thereafter, the First Amended Complaint was served on defendant Lowe's HIW, Inc.  On September 23, 2009, Lowe's filed and served its Answer to the First Amended Complaint in State Court and on September 24, 2009, filed and served its Notice of Removal of Action Pursuant to 28 U.S.C. § 1441(b).  The *Meyer* Action was removed to the U.S. District Court, Central District of California pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§1332(d), 1453 and 1711-1715.  The *Meyer* Action is assigned to the Honorable Dean D. Pregerson.  The *Meyer* Action pleads purported class action

claims for overtime and related causes of action on behalf of current and former

Loss Prevention Managers who worked for or are working in Lowe's retail store in

California.   A true and correct copy of the First Amended Complaint in the *Meyer*

Action is attached hereto as Exhibit "1".

        3.     There are currently no hearings set by the Court in the *Meyer* Action.

        4.     Concurrent with the removal of the *Meyer* Action, Lowe's gave

written notice of a pending case originally filed on July 8, 2009, in the U.S. District

Court, Eastern District of California, Fresno Division by Alex Cardenas and

Zachary Torres against Lowe's HIW, Inc. and given case No. 1:09-CV-01179-

AWI-GSA (hereinafter "*Torres* Action").  The *Torres* Action is assigned to Chief

Judge Anthony W. Ishii.  Similar to the *Meyer* Action, the Complaint in *Torres*

Action pleads purported class action claims for overtime and related causes of

action on behalf of the same class of current and former Loss Prevention Managers

who worked for or are working in Lowe's retail store in California, except that the

*Torres* Action pleads an additional claim for alleged missed meal breaks while the

*Meyer* Action pleads an additional claim for civil penalties under the California

Labor Code Private Attorneys General Act of 2004.   A true and correct copy of

the Summons and Complaint in the *Torres* Action is attached hereto as Exhibit

"2".

STIPULATION BY ALL PARTIES TO TRANSFER AND CONSOLIDATE *TORRES* AND
*MEYER v. LOWE'S HIW, INC.*; DECLARATION OF WEH

5.     In the *Torres* Action the court has set an Initial Scheduling Conference for November 3, 2009.  The court has since rescheduled this conference for November 5, 2009.

6.     Consolidating the *Torres* Action with the *Meyer* Action would be beneficial to the courts, the parties, witnesses and counsel based upon the following:

(i)  Since the actions are nearly identical, having both cases tracking in the same court would avoid judicial waste of resources and avoid the potential of inconsistent rulings and judgments.

(ii)  Some corporate witnesses of Lowe's are located outside of California, so Los Angeles would be a shorter travel time for them since Fresno does not have a commercial airport;

(iii)  Two out of three plaintiffs' counsel of record in the *Torres* Action are located out of the state of California, thus travel to and from Los Angeles would be more convenient than to Fresno.  The defense counsel for Lowe's in both cases is the same, and they are located in downtown Los Angeles, California;

(iv)  The plaintiff in the *Meyer* Action is located in Orange County, California which is over 200 miles closer to the Central District Court than the Eastern District Court;

(v)  There are many more potential unnamed class members closer geographically to Los Angeles than Fresno.  This declarant has researched Lowe's website for the Lowe's Home Improvement Store locations and there are only nine

(9) stores in the Fresno/Bakersfield area, whereas, there are 20 Lowe's stores in the greater Los Angeles area and 20 Lowe's stores in the Orange County area.

7.  The parties respectfully request that the Honorable Dean D. Pregerson issue an order based upon the above stipulation and this declaration transferring and coordinating for all purposes the *Torres* Action from the Eastern District, Fresno Division, to the Central District of California with the *Meyer* Action.

I declare under penalty of perjury under the Laws of the United States that the foregoing is true and correct.  Executed at Sherman Oaks, California on October 3 0 , 2009.

_____

William E. Harris

STIPULATION BY ALL PARTIES TO TRANSFER AND CONSOLIDATE *TORRES* AND
*MEYER v. LOWE'S HIW, INC.*; DECLARATION OF WEH

*MEYER v. LOWE'S HIW, INC., et al.*

**USDC CASE NO. CY-09-6962-DDP (RZx)**

# STIPULATION BY ALL PARTIES TO TRANSFER VENUE AND CONSOLIDATE FOR ALL PURPOSES *TORRES ET AL V. LOWES HIW, INC.* EASTERN DISTRICT CASE NO. 1-09-CV-01179-AWI-GSA TO *MEYER V. LOWE'S HIW, INC.* CENTRAL DISTRICT CASE NO. CV-09-6962-DDP(RZx); DECLARATION OF WILLIAM E. HARRIS

# EXHIBIT 1

1  WILLIAM E. HARRIS (SB 76706)
   wharris@harriskaufman.com
2  MATTHEW A. KAUFMAN (166986)
   mkaufman@harriskaufman.com
3  HARRIS & KAUFMAN
4  15260 VENTURA BLVD. SUITE 2250
   SHERMAN OAKS, CALIFORNIA 91403
5  TELEPHONE: (818) 990-1999
6  FACSIMILE: (818) 990-1966

**ORIGINAL FILED**

AUG 2 5 2009

**LOS ANGELES
SUPERIOR COURT**

7  Attorneys for Plaintiff Micheal Meyer, and all individuals similarly situated

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10        FOR THE COUNTY OF LOS ANGELES-UNLIMITED JURISDICTION

11  MICHEAL MEYER, an individual, on behalf   )  Case No.: BC420256
12  of all others similarly situated,         )
                                              )       **CLASS ACTION**
13                                            )
                                              )
14                                            )  **FIRST AMENDED COMPLAINT FOR**
                 Plaintiff,                   )  **DAMAGES AND DECLARATORY**
15                                            )  **RELIEF**
                                              )
16                                            )    1. **FAILURE TO PAY OVERTIME**
17                                            )       **COMPENSATION (LABOR CODE**
            vs.                               )       **§ 1194);**
18                                            )    2. **CLAIM FOR STATUTORY**
19                                            )       **WAITING TIME PENALTIES**
                                              )       **(LABOR CODE §203);**
20  LOWE'S HIW, INC. a Washington             )    3. **UNLAWFUL BUSINESS**
21  Corporation; and DOES 1 through 50        )       **PRACTICES (BUSINESS &**
    inclusive,                                )       **PROFESSIONS CODE §§17200, et**
22                                            )       **seq.);**
23              Defendants.                   )    4. **PENALTIES PURSUANT TO THE**
                                              )       **LABOR CODE PRIVATE**
24                                            )       **ATTORNEYS GENERAL ACT OF**
                                              )       **2004 (LABOR CODE §2698, et seq.,**
25                                            )       **§§204,226 and §515)**
                                              )    5. **DECLARATORY RELIEF RE:**
26                                            )       **ARBITRATION AGREEMENT**
27                                            )
                                              )  **DEMAND FOR JURY TRIAL**
28

1

FIRST AMENDED COMPLAINT

1   Plaintiff Micheal Meyer, individually and on behalf of all other similarly situated

2   individuals, alleges as follows against the above-named defendants:

3
4                                    **I.**
                        **THE PARTIES AND VENUE**

5
6   1.      **The Named Plaintiff.** The Plaintiff is an individual over the age of 18 years.

7   Plaintiff was employed by the above-named defendants from in or about July 2007 to in or about

8   February 2008. Plaintiff was employed by defendants Lowes HIW, Inc. and DOES 1 through 50

9   as a Los Prevention Manager at a "Lowe's" home improvement store. Plaintiff is informed and

10  believes and thereon alleges that defendants own and operate at least 103 "Lowe's" stores in the

11

12  state of California.

13  2.      **Defendants.**

14  (a)     Plaintiff is informed and believes and thereon alleges, that Defendant Lowe's

15
16  HIW, Inc. was, and is, a corporation organized under the laws of the State of Washington and

17  duly authorized to do business in California.

18  (b)     Hereinafter in the Complaint, unless otherwise specified, reference to Defendant

19  or Defendants shall refer to all Defendants, including Does 1 through 50 and each of them.

20  (c)     Plaintiff is unaware of the true names and capacities of Defendants sued herein as

21  DOES 1 through 50, inclusive, and for that reason sues said Defendants by such fictitious names.

22  Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named

23  Defendants is responsible in some manner for, and proximately caused, the harm and damages

24  alleged herein below. Plaintiff will file and serve an amendment to this Complaint alleging the

25  true names and capacities of said fictitiously named Defendants if and when such true names and

26  capacities become known to Plaintiff.

27  (d)     Plaintiff is informed and believes and thereon alleges, that each of the Defendants

28  named herein acted as the employee, agent, partner, alter-ego and/or joint venturer of each of the

other Defendants named herein, and, in doing the acts and in carrying out the wrongful conduct

2

FIRST AMENDED COMPLAINT

1    alleged herein, each of said Defendants acted within the scope of said relationship and with the
2    permission, consent and ratification of each of the other Defendants named herein.

3        3.    **Venue.**  Plaintiff is informed and believes and thereon alleges that Defendants
4    have not designated a principal place of business in California with the California Secretary of
5    State.  Therefore Defendants may be sued in any county of the state.
6

7                                              II.
8                           CLASS ACTION ALLEGATIONS
9        4.    Plaintiff brings this action, pursuant to California Code of Civil Procedure §382,
10   against all Defendants on his behalf and all persons similarly situated in the State of California.
11   The class that Plaintiff represents is comprised of:

12       (a) all persons who were employed in California by Defendants as a Loss Prevention
13   Member assigned to a Lowe's store during the relevant statutory period who were paid a fixed
14   salary and worked in excess of eight (8) hours per day and/or in excess of forty (40) hours in one
15   or more workweeks; and
16

17       (b) all members of the putative classes described above who have had their rights under
18   the California Labor Code, and California Business & Professions Code violated by Defendants'
19   employment practices.
20

21       5.    <u>Ascertainable Classes.</u>  The proposed Plaintiff class described at Paragraph 4,
22   above, is ascertainable.  Members of the Plaintiff class can be readily identified from personnel
23   files and computer databases maintained by Defendants and from payroll and other records
24   maintained by the Defendants.  The litigation of the questions of fact and law involved in this
25   action will resolve the rights of all members of the class and hence will have a binding effect on
26   all class members.  The class is numerous and joinder of all class members is impracticable due
27   to both a reluctance of class members to sue their current or former employer and relatively
28

                                              3
                          FIRST AMENDED COMPLAINT

**16**                              **10**                         000012

1    small monetary recovery for each class member in comparison to the costs associated with
2    separate litigation.

3        6.    **Community of Interest**. The proposed class has a well-defined community of
4    interest in the questions of fact and law to be litigated. The common questions of law and fact
5    are predominant with respect to the liability issues, relief issues and anticipated affirmative
6    defenses. The named Plaintiff has claims typical of members of the class. The named Plaintiff
7    can fairly and adequately represent and protect the interests of the class in that there is no
8    conflict between his interests and the interests of other class members. This action is not
9    collusive, the named Plaintiff and his counsel have the resources to litigate this action, and
10   counsel have experience and ability required to prosecute this case as a class action.

11       7.    **Superiority of Class Adjudication**. The certification of a class in this action is
12   superior to the litigation of a multitude of cases by members of the putative class. Class
13   adjudication will conserve judicial resources and will avoid the possibility of inconsistent
14   rulings. Moreover, there are class members who are unlikely to join or bring an action due to,
15   among other reasons, their reluctance to sue their current employer and/or their inability to afford
16   a separate action. Finally, equity dictates that all persons who stand to benefit from the relief
17   sought herein should be subject to the lawsuit and hence subject to an order spreading the costs
18   of litigation among the class members in relationship to the benefits received.

### III.
### DEFENDANTS' UNLAWFUL POLICIES AND PRACTICES

8.    Throughout the statutory periods alleged herein, Industrial Welfare Commission,
Wage Order No. 7-2001, as amended, "Mercantile", contained in Title 8 of the California Code
of Regulations (hereinafter "Wage Order"), applied to Plaintiff and to each class member in his
or her employment with Defendants.

4

9.     Throughout the statutory periods alleged herein, neither Plaintiff nor any other person employed by Defendants in the State of California in the position of a Loss Prevention Manager was exempt from the overtime provisions of California law. Defendants, however, followed a policy and practice of classifying and treating their Loss Prevention Managers employed in California, including Plaintiff and the other class members similarly situated, as "exempt" employees as that term is defined in the Wage Order, despite the fact that Defendants failed to employ Plaintiff and the class members primarily in an administrative, executive or professional capacity as those terms are defined by the Wage Order. Defendants' realistic requirements of the job of plaintiffs and class members in the position of Shop Director required that they work overtime without pay and regularly spend more than fifty percent (50%) of their time performing non-exempt work.

10.     Throughout the maximum statutory period alleged herein, Defendants required Plaintiff and their Loss Prevention Managers employed in California, as a condition of maintaining their employment with Defendants, to regularly work numerous overtime hours in excess of eight (8) hours per day and/or forty (40) hours per week. Defendants regularly scheduled Loss Prevention Managers to work an average of 48 hours per workweek. Although Defendants should have compensated said General Managers at the rate of one and one-half (1½) times their regular hourly wage for all hours worked in excess of eight (8) hours per workday or forty (40) hours per workweek and double their regular hourly wage for all hours worked in excess of twelve (12) hours per workday or in excess of eight (8) hours on the seventh workday of the week during the alleged statutory periods, they were instead compensated by a straight annual salary for all hours worked.

5

FIRST AMENDED COMPLAINT

IV.
**FIRST CAUSE OF ACTION**
(Class Action Against All Defendants by Plaintiff, on Behalf of All Other
Loss Prevention Managers Similarly Situated, For Failure to Pay Overtime Wages (Labor
Code §1194))

11.    Plaintiff incorporates by reference each and every allegation set forth in paragraphs 1 through 10, as if set forth in full herein.

12.    At all relevant times herein, California Labor Code section 1194 and the Wage Order applied to Plaintiff and to each class member in his or her employment, and provided for payment of an overtime premium of not less than one and one-half (1½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours per workday or forty (40) hours per workweek, and two (2) times the employee's regular rate of pay for all hours worked in excess of twelve (12) hours per workday or in excess of eight (8) hours on the seventh workday of the week.

13.    Defendants possess or should possess the exact information regarding the number of hours worked by Plaintiff and each class member for the relevant statutory period.

14.    Plaintiff brings this action, pursuant to California Code of Civil Procedure section 382, against all Defendants on behalf of himself and all persons similarly situated in California. The class which Plaintiff represents is comprised of all persons who were employed in California by Defendants as a Loss Prevention Manager assigned to a Lowe's store during the relevant statutory period, who were paid on a fixed salaried and worked in excess of eight (8) hours per day and/or in excess of forty (40) hours in one or more workweeks. Plaintiff seeks against Defendants for each class member the balance of all unpaid wages, with interest thereon, pursuant to California Labor Code section 1194 for uncompensated overtime pay for the applicable statutory period (three (3) years).

6

19                                    13                                    16
                                                                            000015

15.     As a direct and proximate result of Defendants' violation of the overtime provisions of the California Labor Code section 1194 and the Wage Order, there is due and owing to Plaintiff and to each class member overtime wages in an amount in excess of $25,000 to be established at the time of trial.

16.     Pursuant to California Labor Code section 1194, Plaintiff seeks on her behalf and on behalf of each class member, reasonable attorney's fees and interest on unpaid wages, and costs of suit.

## V.
### SECOND CAUSE OF ACTION
**(Class Action Against All Defendants by Plaintiff, on Behalf of All Other General Managers Similarly Situated, for Statutory Waiting Time Penalties for Failure to Pay Wages (_Labor Code_ §203))**

17.     Plaintiff incorporates by reference each and every allegation set forth in paragraphs 1 through 10, 12 and 13 as if set forth in full herein.

18.     California Labor Code sections 201 and 202 require an employer to pay all wages earned but unpaid immediately upon the involuntary discharge of an employee or within seventy- two (72) hours of an employee's voluntary termination of employment.  If an employer intentionally or willfully fails to pay all wages earned and due upon termination, as set forth above, the affected employee is entitled to statutory waiting time penalties up to thirty (30) days of wages under California Labor Code section 203.

19.     Defendants intentionally and willfully failed to pay Plaintiff and each class member who separated from, or was discharged by, Defendants the overtime premium owed to them as required, despite the fact that those wages were due and owing to said individuals.

20.     At no time has Plaintiff or a class member who terminated their employment with Defendants during the statutory period secreted or absented themselves or otherwise refused to

7

FIRST AMENDED COMPLAINT

1   accept payment of wages earned and due to them upon termination.  Plaintiff brings this action,

2   pursuant to California Code of Civil Procedure section 382, against all Defendants on his behalf

3   and on behalf of all persons similarly situated in California.  The class which Plaintiff represents

4   is comprised of all Loss Prevention Managers assigned to a Lowe's store locations in California

5   during the statutory period, who were paid a fixed salary and who worked overtime during the

6   statutory period, and who either quit or were discharged from Defendants' employment.

7

8       21.    Plaintiff seeks against Defendants for h and for each class member the statutory

9   waiting time penalty under California Labor Code section 203.  Defendants intentionally and

10  willfully failed to pay Plaintiff and each class member the overtime premium required by the

11  Wage Order.  Thirty (30) days has expired since the end of each class member's employment

12  with Defendants.  Therefore, Plaintiff seeks an award of the statutory waiting time penalty from

13  Defendants in the amount of thirty (30) days' wages for Plaintiff and for each class member,

14  with interest thereon, in an amount to be determined at the time of trial herein.

15

16

17                      VI.

### THIRD CAUSE OF ACTION

18  **(Class Action Against All Defendants by Plaintiff, on Behalf of All Other General**

19  **Managers Similarly Situated, for Restitution of Overtime Wages and Injunctive Relief for**

20  **Unfair Business Practices Pursuant to California Business & Professions Code sections**

21  **17200, et seq.)**

22      22.    Plaintiff incorporates by reference each and every allegation set paragraphs 1

23  through 10, 12 through 14 as if set forth in full herein.

24      23.    Defendants' conduct as alleged above constitutes an unfair and unlawful business

25  practice within the meaning of California Business & Professions Code sections 17200 and

26  17204.  Plaintiff, on his own behalf and on behalf of all others similarly situated, seeks

27  restitution and disgorgement from Defendants of premium overtime pay withheld from salaried

28

8

1    Loss Prevention Managers who are or were employed by Defendants assigned to a Lowe's store

2    in California during the statutory period (four (4) years).

3        24.    As a direct and proximate result of the unlawful and unfair conduct of

4
     Defendants, Plaintiff and the class members have suffered, and will continue to suffer, the loss of
5
     money owed to them in a sum as yet uncertain, but in excess of $25,000.
6

7        25.    Unless restrained, Defendants will continue to commit the unfair and unlawful

8    business practices alleged above.  Plaintiff therefore seeks a preliminary and permanent
9
     injunction pursuant to California Business & Professions Code sections 17203 and 17204 to
10
11   enjoin Defendants from committing such practices in the future.

12                                          VII.
                                 **FOURTH CAUSE OF ACTION**
13   **(Representative Action Against all Defendants by Plaintiff on Behalf of all Other Loss**
     **Prevention Managers Similarly Situated, for Civil Penalties Pursuant to the Labor Code**
14   **Private Attorneys General Act (_Labor Code_ §204, §226, §515 and §2698, _et seq._))**

15
16       26.    Plaintiff incorporates by reference each and every allegation set forth in

17   paragraphs 1 through 3, 9 through 10 and 18 through 20 as if set forth in full herein.

18       27.    Labor Code Sections 2698 and 2699 are known as "The Labor Code Private

19   Attorney General Act of 2004".  Labor Code Section 2699 allows for the recovery of civil
20
     penalties for any violation of the Labor Code through a civil action brought by an aggrieved
21
22   employee. "An aggrieved employee" is defined in labor code section 2699 as "any person who

23   was employed by the alleged violator and against whom one or more of the alleged violations

24   was committed."

25       28.    Before filing this Complaint, plaintiff has complied with the notice
26
     requirements set forth in labor code section 2699.3 (a)(1) and (2)(A), including sending notice
27
28   via certified mail to defendants and to the California Workforce Development Agency

                                          9

                              FIRST AMENDED COMPLAINT

22                                        **16**                                   090018

("LWDA") concerning the alleged violations set forth below. Plaintiff was informed by LWDA by letter of July 27, 2009, that it has chosen not to investigate the plaintiff's allegations. Plaintiff brings this claim in his representative capacity on behalf of all other Loss Prevention Managers similarly situated.

29.     Plaintiff is informed and believes, and thereon alleges, that at all relevant times, defendants have violated, and continue to violate, several provisions of the California Labor Code, including but not limited to:

(a)     Labor Code Section 204, which provides that employees must be paid in full all wages on regular pay days, and any extraordinary amounts must be paid no later than the next payroll period.

(b)     Labor Code Section 226 requires that employers must provide employees with accurate wage statements. Defendants statements to plaintiff and the putative class were inaccurate in that they misstated the overtime was being paid when it was unlawfully included in the stated flat salary.

(c)     Labor Code Section 515 establishes certain exemptions from the payment of overtime (executive, administrative, and professional). Neither plaintiff nor the putative class meets the requirements to be exempt from the payment of premium overtime pay.

30.     By virtue of defendants knowing, willful, and unlawful failure to provide accurate wage statements and to pay the proper overtime wages, within the applicable statute of limitations, plaintiff and all other members of the class have suffered, and will continue to suffer, damages and civil penalties pursuant to Labor Code Section 2699 in amounts which will be ascertained according to proof at trial.

///

10

FIRST AMENDED COMPLAINT

# VIII.
## FIFTH CAUSE OF ACTION
### (By Plaintiff on Behalf of Himself Against all Defendants for Declaration of Rights under Arbitration Agreement (Code of Civil Procedure §1060)

31.    Plaintiff incorporates by reference each and every allegation set forth in paragraphs 1 through 30 as if set forth in full herein.

32.    Plaintiff is informed and believes and therein alleges that, on or about November 2, 2007, at the inception of Plaintiff's employment with Defendants, he was given an employment offer agreement to sign which included an agreement to arbitrate disputes. The terms and conditions of the arbitration agreement were attached to the employment agreement and entitled "Lowe's HIW Inc. Agreement to Arbitrate Disputes" (hereinafter referred to as the "Arbitration Agreement" or the "agreement"). A true and correct copy of the employment offer and Arbitration Agreement are attached hereto as Exhibit "1." The signing of the employment offer and attached Arbitration Agreement were non-negotiable and mandatory as a condition of Plaintiff's employment by Defendants.

33.    Plaintiff is informed and believes and therein alleges that all members of the putative class were required as a mandatory condition of employment to sign and be bound by the Arbitration Agreement.

34.    Plaintiff contends that the Arbitration Agreement is unenforceable under the applicable law because it is procedurally and substantively unconscionable in that the agreement as a whole is tainted with illegality and thus is unenforceable.

35.    In the alternative, Plaintiff contends that the prohibitions against class-wide arbitrations, private attorney general and representative actions are unenforceable. The prohibitions undermine the vindication of plaintiff's and the putative class' unwaivable statutory rights and pose serious obstacles to the enforcement of California's laws. If the agreement is not

11

FIRST AMENDED COMPLAINT

deemed by the Court to be unenforceable based upon unconscionability, then the matter may proceed to class-wide and/or private attorney general or representative action arbitration. Whereas, Defendants contend that the arbitration agreement is fully enforceable and Plaintiff has properly waived the right to arbitrate on a class-wide, private attorney general and representative capacity and he must proceed to individual arbitration concerning his claims set forth in this complaint.

    36.   An actual controversy exists as to the construction and enforceability of the Arbitration Agreement. There is no adequate remedy other than that prayed for exists by which the rights of the parties may be determined.

**PRAYER**

    **WHEREFORE**, Plaintiff, and class members, pray for judgment against Defendants, and each of them, as follows:

<u>ON THE FIRST CAUSE OF ACTION:</u>

    a.   For compensatory damages including, but not limited to, lost wages and overtime compensation in excess of $25,000.

    b.   For pre- and post-judgment interest.

    c.   For reasonable attorney's fees and costs pursuant to Labor Code section 1194(a).

<u>ON THE SECOND CAUSE OF ACTION:</u>

    d.   For the statutory waiting time penalties pursuant to California Labor Code section 203.

    e.   For pre- and post-judgment interest.

<u>ON THE THIRD CAUSE OF ACTION:</u>

    f.   For an order requiring Defendants to make full restitution of all money and other property acquired by their violation of Business and Professions Code section 17200 et seq.

12

g.  For a preliminary and permanent injunction enjoining defendants from committing the unfair and unlawful business practices.

h.  For pre- and post-judgment interest.

ON THE FOURTH CAUSE OF ACTION

i.  For civil penalties according to proof.

ON THE FIFTH CAUSE OF ACTION

j.  A declaration that the attached Agreement to Arbitrate Disputes is unenforceable or in the alternative, for an order striking the unconscionable terms.

k.  In the alternative, the purported class action, private attorney general and/or the representative action waivers are unenforceable and invalid.

ON ALL CAUSES OF ACTION:

l.  For costs and expenses in this action; and

m.  Any other and further relief as the nature of the case may require, and, or that the Court deems proper.

HARRIS & KAUFMAN

DATED:  August 24, 2009

By: _____
William E. Harris,
Attorneys for Plaintiff Micheal Meyer

JURY DEMAND

Plaintiff respectfully demands a trial by jury on all claims so triable and an advisory jury for a factual determination on all equitable claims.

HARRIS & KAUFMAN

DATED:  August 24, 2009

By: _____
William E. Harris,
Attorneys for Plaintiff Micheal Meyer

13

FIRST AMENDED COMPLAINT

EX 1

27                              21                              24

# EXHIBIT 1

9493495453        fluor                                                     01:2F   p.m.   06-19-2009        2/6

11/02/07

Dear Michael Meyer:

I am pleased to offer you the position of **Loss Prevention Manager** with Lowe's HIW, Inc. In this position, you will report to Aaron Anderson, ALPM. Your effective date of employment will be determined upon acceptance. We have a tremendous opportunity for you here at Lowe's and feel you will make an excellent addition to our Team. The details of our offer include:

### 1. SALARY

Your initial bi-weekly salary will be **$1,616.38 ($42,000 annual)** . Annual performance evaluations are conducted in March.

**You must be in the Loss Prevention Manager position for 12 months before applying for other opportunities within Lowe's.**

### 2. RETIREMENT PLANS

Employees are eligible to participate in the Lowe's 401(k) plan after 90 days of continuous service. Employees may defer from 1% to 50% of their eligible compensation, on a pre-tax basis, not to exceed the $13,000 IRS limit (as indexed) on elective deferrals. After one year of service, Lowe's provides a baseline match of 100% of the first 1% that you contribute and 25% on contributions from 2% to 6%. Employees whose third anniversary date of hire occurs before the end of the fiscal year, who are employed on the last day of the fiscal year and who have contributed to the 401(k) plan during that fiscal year are also eligible for an additional 401(k) employer contribution called a performance match. The performance match is expressed as a percentage of the baseline match you receive during the fiscal year and is determined by company performance. The performance match, if earned, varies from 100% at 15% growth in corporate net before tax profits (NBT) over the prior year to 350% at 30% NBT growth. There are 14 investment funds available in the plan, and company match amounts are invested according to the participant's elective deferral investment choices. The 401(k) plan accepts "eligible rollover distributions" from prior tax qualified employer plans.

### 3. HEALTH INSURANCE

Eligibility for participation in one of Lowe's health plans will be after completion of 90 days of service. However, enrollment is available only during the initial 60 days of full-time employment, (2) within the timeframe allowed for a special enrollment or (3) during the annual enrollment period. The plans are available at competitive rates. Lowe's health plans will accept certificates of prior health coverage to reduce our 12 month exclusion period for pre-existing conditions in accordance with the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

### 4. VACATION

Based on your position, you will begin to accrue and be able to take vacation as of your employment date. Vacation will be accrued at .219 hours per calendar day while you are actively employed providing two weeks of paid vacation for employees who work through the end of the fiscal year.

---

LPM Offer Letter                                                                                    1

29                                        23                                    26
000025

Lowe's Loss Prevention and Safety Department

Currently, accrual rates increase after five and fifteen years of service providing the opportunity to accrue three weeks of vacation after five consecutive years and four weeks of vacation after fifteen consecutive years of service.

## 5. HOLIDAYS
Paid holidays, if eligible, include:  New Year's Day, Labor Day, Memorial Day, Thanksgiving Day,  July  4th, Christmas Day

## 6. OTHER BENEFITS

*Dental Plan
*Basic Sick Pay Plan
*Supplemental Sick Pay Plan
*Long Term Disability Plan
*Basic Term Life Insurance Plan (1 times base salary)
*Supplemental Term Life Insurance Plan (up to 8 times base salary)
*Personal Accident Plan
*Travel Accident Plan
*Employee Discount
*Lowe's Stock Purchase Plan
*Flexible Spending Accounts Plan
*Discount Vision Plan
*Pre-paid Legal, Auto/Home Insurance, Long – Term Care Insurance, Home Buyers Assistance, GM Vehicle Discount Program

## 7. ELIGIBILITY FOR EMPLOYMENT

In compliance with the U.S. Immigration Reform and Control Act of 1986, we are required to verify that you are legally eligible for employment within the United States by completing Form I-9, "Employment Eligibility Verification". Please review the attached list of documents and bring such documents with you on your first day of employment.

## 8. AT-WILL EMPLOYMENT

Your employment is at-will, meaning that you can resign at any time for any reason, with or without cause. Likewise, Lowe's HIW, Inc. may terminate your employment at any time for any reason, with or without cause.  This at-will nature of your employment may not be changed or modified in any respect unless specifically agreed in a written agreement signed by you and the President of Lowe's HIW, Inc.

The terms of this offer are strictly confidential and are contingent upon verification of your eligibility to work in the United States, and the successful completion of employment screening including, but not limited to:  professional reference checks, drug test, criminal record inquiry, motor vehicle checks and investigation.  Your acceptance of this offer indicates that you will not disclose the terms of this offer to anyone outside of Lowe's management.

Your employment relationship with Lowe's is governed by the "Employment At Will" doctrine. This simply means the contract of employment between you and the Company is terminable at the will of either party, with or without cause, at any time and for any reason. This policy cannot be modified by any statements or omissions of statements by any member of management or Company representative, manuals, guides, employment documents, or Company materials provided in connection with your employment, whether made pre or post employment unless approved, in writing, by the President of Lowe's.

## 9. AGREEMENT TO ARBITRATE DISPUTES

LPM Offer Letter                                                                            2

9493495453          fluor                                              01:27   p.m.   05-19-2009              4 /5

See attached Agreement to Arbitrate Disputes.  Sign and return this Arbitration Agreement.

**10. COMPLETE OFFER**

Except as specifically set forth herein, you agree that no other promises or representations govern the terms of conditions of your employment.  Any representations made prior to the execution of this letter by both parties are expressly disclaimed.

The terms of this offer are strictly confidential and are contingent upon verification of your eligibility to work in the United States, and the successful completion of employment screening including, but not limited to:  professional reference checks, drug test, criminal record inquiry, motor vehicle checks and investigation. Your acceptance of this offer indicates that you will not disclose the terms of this offer to anyone outside of Lowe's management. Additionally, you agree that the above offer is based solely on the promises herein, that this agreement contains all the promises and representations made to you, and you acknowledge that there are no other representations upon which you rely in accepting employment with the company.

Your employment relationship with Lowe's is governed by the "Employment At Will" doctrine. This simply means the contract of employment between you and the Company is terminable at the will of either party, with or without cause, at any time and for any reason. This policy cannot be modified by any statements or omissions of statements by any member of management or Company representative, manuals, guides, employment documents, or Company materials provided in connection with your employment, whether made pre or post employment unless approved, in writing, by the President of Lowe's.

We look forward to your joining our aggressive, innovative management team.

Please respond by signing and returning one copy of this letter, and the Salaried-Overtime Eligible form within 5 working days.

Sincerely,

Aaron D. Anderson
Area LP and Safety Manager.

_____ I accept this offer of employment.  _____ I decline this offer of employment.

Signature _____ Date_____

LPM Offer Letter

3

31                          25                                    28
                                                                   000027

9493495453          floor                                    01:27:** p.m.   06-19-2009        5/6



**HIW Inc.**

## AGREEMENT TO ARBITRATE DISPUTES

In exchange for the offer of employment extended by Lowe's HIW, Inc. to you, and in consideration of such offer of employment, which you hereby accept, you and Lowe's HIW, Inc. agree that any controversy between you and Lowe's HIW, Inc. (including agents of Lowe's HIW, Inc.) arising out of your employment or the termination of your employment shall be settled by binding arbitration (at the insistence of either you or Lowe's HIW, Inc.) in accordance with the arbitration procedures of the American Arbitration Association, under its National Rules for the Resolution of Employment Disputes. You acknowledge that a copy of the AAA National Rules has been made available for your review in the location. Should the AAA decline to administer the arbitration for any reason, the parties will select an arbitrator using the procedures employed by the AAA, who will employ the rules and procedures set up in the AAA National Rules for the Resolution of Employment Disputes. In this event, the list of potential arbitrators for selection must include only individuals who are attorneys with at least 10 years experience in employment law.

This agreement to arbitrate means that there will be no court or jury trial of disputes between you and Lowe's HIW, Inc. which arise out of your employment or the termination of your employment.

**This agreement to arbitrate is intended to be broad and to cover, to the extent otherwise permitted by law, all such disputes, including but not limited to those arising out of federal and state statutes and local ordinances, such as: Title VII of the Civil Rights Act of 1964, as amended; the Civil Rights Act of 1866; the Equal Pay Act; the Fair Labor Standards Act; the Pregnancy Discrimination Act; the Age Discrimination in Employment Act; the Family and Medical Leave Act; the Americans with Disabilities Act; and any similar federal, state or local laws. However, this provision is not applicable to [1] your rights under Workers' Compensation Law, which are governed under the special provisions of that law, or (2) your rights under the Employee Retirement Income Security Act (ERISA).**

The parties will mutually select an arbitration location.

If you initiate arbitration, you will be responsible for paying a filing fee equivalent to the fee you would have to pay if you filed a complaint in federal court (currently $120.00). The arbitrator will have the authority to waive this filing fee if you can prove financial hardship. Lowe's HIW, Inc. will bear the remainder of the arbitration filing fees and the fees and expenses of the arbitrator. If you fail to prevail in the arbitration, you will bear the full amount of any attorney fees and expenses that you incurred in regard to this arbitration. In addition, the arbitrator will have the authority to award some or all of the fees and expenses Lowe's paid if the arbitrator finds that your pursuit of arbitration was unreasonable under the circumstances or in bad faith.

This agreement to arbitrate may not be changed or modified in any respect unless specifically agreed in a written agreement signed by you and Lowe's HIW, Inc.

This Agreement is the full and complete agreement relating to the formal resolution of employment-related disputes. If any part(s) of this Agreement are found by a court of competent jurisdiction to be unconscionable or unenforceable, the court shall reform this Agreement to the extent necessary to cure the unconscionable or unenforceable part(s), and the parties will arbitrate their dispute(s) without reference to or reliance upon the unconscionable or unenforceable part(s).

Unless controlling legal authority requires otherwise, there shall be no right or authority for any dispute to be heard or arbitrated on a class action basis, as a private attorney general, or on a basis involving disputes brought in a purported representative capacity on behalf of the general public, any other current, prospective or former employees, or any (other) persons similarly situated to either party; provided,

LPM Offer Letter

4

*MEYER v. LOWE'S HIW, INC., et al.*

USDC CASE NO. CY-09-6962-DDP (RZx)

# STIPULATION BY ALL PARTIES TO TRANSFER VENUE AND CONSOLIDATE FOR ALL PURPOSES *TORRES ET AL V. LOWES HIW, INC.* EASTERN DISTRICT CASE NO. 1-09-CV-01179-AWI-GSA TO *MEYER V. LOWE'S HIW, INC.* CENTRAL DISTRICT CASE NO. CV-09-6962-DDP(RZx); DECLARATION OF WILLIAM E. HARRIS

# EXHIBIT 2

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

ZACHARY TORRES , ET AL. ,

V.

LOWE'S HIW, INC. ,

### SUMMONS IN A CIVIL CASE

CASE NO: **1:09–CV–01179–AWI–GSA**

TO: **Lowe's HIW, Inc.**
Defendant's Address:

**YOU ARE HEREBY SUMMONED** and required to serve on

**Stuart Rowe Chandler**
**Law Office of Stuart R. Chandler**
**761 East Locust Avenue, Suite 101**
**Fresno, CA 93720**

an answer to the complaint which is served on you with this summons, within **20** days after service of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

**VICTORIA C. MINOR**
_____
CLERK

**/s/  S. Martin**
_____

(By) DEPUTY CLERK



**ISSUED ON 2009–07–08 10:09:13.0 , Clerk**
USDC EDCA

**3**

000030

**RETURN OF SERVICE**

| | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____
_____

☐ Left copies thereof at the defendant's dwelling house or usual place of bode with a person of suitable age and discretion then residing therein.

☐ Name of person with whom the summons and complaint were left:_____

☐ Returned unexecuted:_____
_____
_____

☐ Other (specify) :_____
_____
_____

**STATEMENT OF SERVICE FEES**

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on   _____        _____
Date                        *Signature of Server*

_____
*Address of Server*

**4**

000031

1 | Stuart R. Chandler
  | California Bar ID No. 088969
2 | 761 East Locust, Suite 101
  | Fresno, California 93720
3 | (559) 431-7770
  | (559) 431-7778 (Facsimile)
4
  | Richard Burch (pro hac vice – pending)
5 | Texas Bar ID. 24001807
  | **BRUCKNER BURCH PLLC**
6 | 5847 San Felipe, Ste 3900
  | Houston, TX 77057
7 | 713-877-8788
  | 713-877-8065 (Facsimile)
8
9 | Michael Josephson (pro hac vice – pending)
  | Texas Bar ID No. 24014780
10 | **FIBICH, HAMPTON & LEEBRON, LLP**
   | Five Houston Center
11 | 1401 McKinney, Suite 1800
   | Houston, TX 77010
12 | (713)751-0025
   | (713)751-0030 (Facsimile)
13
14 | ATTORNEYS FOR PLAINTIFFS AND THE PROPOSED CLASS

15

16 | **IN THE UNITED STATES DISTRICT COURT FOR**
   | **THE EASTERN DISTRICT OF CALIFORNIA**
17 | **FRESNO DIVISION**

18

| | |
|---|---|
| **ALEX CARDENAS AND ZACHARY TORRES,** *et al.,* **all individually and on behalf of all others similarly situated;** | § § § **CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| **Plaintiffs,** | § § § **CASE NO. _____** |
| **vs.** | § § § **1) OVERTIME COMPENSATION;** |
| **LOWE'S HIW, INC. and DOES 1-10, inclusive,** | § § **2) OFF-DUTY MEAL PERIODS;** **3) INCOMPLETE WAGE STATEMENTS;** **4) INCOMPLETE PAYROLL RECORDS;** |
| **Defendants.** | § § **5) WAITING TIME PENALTIES; AND** **6) BUS. & PROF. CODE §§17200-08** |
| | § § **JURY TRIAL DEMANDED** |

Plaintiffs' Original Complaint
Cardenas, et al. v. Lowes., et al.

- 1 -

5

000032

## PLAINTIFFS' ORIGINAL COMPLAINT

PLAINTIFFS Alex Cardenas and Zachary Torres allege as follows on behalf of themselves, all others similarly situated:

### 1. INTRODUCTION

1.     PLAINTIFFS Alex Cardenas and Zachary Torres ("PLAINTIFFS") bring claims individually and as a class action, under Code of Civil Procedure § 382, on behalf of similarly situated individuals employed, or formerly employed, by Defendant LOWE'S HIW, INC. (hereinafter "LOWES" or "DEFENDANT") as LOSS PREVENTION MANAGERS (collectively hereinafter "LOSS PREVENTION MANAGERS," or "CLASS MEMBERS"). These LOSS PREVENTION MANAGERS have worked for DEFENDANT throughout California. PLAINTIFFS challenge DEFENDANT'S policies of willfully and unlawfully misclassifying their LOSS PREVENTION MANAGERS as "exempt" and thereby refusing to pay them overtime compensation and provide adequate off-duty meal periods as required by California law. This misclassification policy was in effect for at least four years prior to the filing of this action. Even though LOSS PREVENTION MANAGERS in actuality spent the vast majority of their work week performing non-exempt tasks, were not primarily engaged in exempt executive or administrative duties, and did not regularly and customarily exercise discretion and independent judgment in matters of significance, DEFENDANT knowingly allowed, encouraged and/or coerced them to work overtime hours without paying overtime compensation; failed to provide overtime compensation at time of termination; failed to provide itemized wage statements showing actual hours worked; and failed to keep accurate time records.

2.     PLAINTIFFS Alex Cardenas and Zachary Torres on behalf of themselves and other current and former LOSS PREVENTION MANAGERS, bring claims for unpaid overtime compensation, meal period pay, statutory penalties, interest, and attorneys' fees and costs, under, the California Labor Code and Code of Civil Procedure § 1021.5. PLAINTIFFS also seek relief

Plaintiffs' Original Complaint
Cardenas, et al. v. Lowes., et al.

-2-

6

000033

1   on behalf of the class and in a representative capacity, pursuant to California Business and

2   Professions Code §§ 17200-17208 (also referred to herein as the "UCL"), including injunctive

3   relief, restitution, and disgorgement of all benefits LOWES has enjoyed from its failure to pay

4   overtime compensation, failure to provide accurate wage statements, and failure to keep daily

5   payroll records showing the actual hours worked by LOSS PREVENTION MANAGERS. Both

6   the Code of Civil Procedure § 382 class action and the UCL representative action are brought on

7   behalf of all current and former LOSS PREVENTION MANAGERS employed by LOWES

8   during the period commencing four years from the filing of this action through final judgment

9   (the "Class Period").

10

11

12                                    **I. PARTIES**

13       3.      PLAINTIFF Alex Cardenas resides in Los Banos, California. He worked as a

14   LOSS PREVENTION MANAGER for DEFENDANT from approximately October 2006 until

15   April 2009.

16

17       4.      PLAINTIFF Zachary Torres resides in Turlock California. He worked as a LOSS

18   PREVENTION MANAGER for DEFENDANT from approximately November 2007 until

19   December 2008.

20

21       5.      PLAINTIFFS are informed and believe, and based thereon allege, that Defendant

22   LOWES is a Washington Corporation. LOWES may be served with process by serving its

23   registered agent, CSC-LAWYERS INCORPORATING SERVICE, 2730 Gateway Oaks Drive,

24   Suite 100, Sacramento, Ca. 95833.

25

26       6.      The true names and capacities, whether individual, corporate, associate, or

27   otherwise, of Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to

28   PLAINTIFFS, who therefore sue defendants by such fictitious names under Code of Civil

Procedure § 474. PLAINTIFFS are informed and believe, and based thereon allege, that each of

Plaintiffs' Original Complaint
Cardenas, et al. v. Lowes., et al.

000034

the DEFENDANTS designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. PLAINTIFFS will seek leave of Court to amend this Complaint to reflect the true names and capacities of the DEFENDANTS designated hereinafter as DOES when such identities become known. Hereinafter DEFENDANT and the DOE defendants shall be referred to collectively as "DEFENDANT" and/or "LOWES."

### III. STATEMENT OF FACTS

7.      During the Class Period, LOWES employed LOSS PREVENTION MANAGERS throughout California. LOWES required and/or knowingly permitted PLAINTIFFS and its other LOSS PREVENTION MANAGERS to work hours considerably in excess of eight hours a day and/or 40 hours a week. PLAINTIFFS are informed and believe that it was LOWES' policy and practice to require and/or knowingly permit their LOSS PREVENTION MANAGERS to work overtime hours without receiving overtime compensation.

8.      During the Class Period, LOWES classified PLAINTIFFS and other LOSS PREVENTION MANAGERS in California as "exempt" employees for purposes of overtime and other wage and hour requirements.

9.      LOWES' "exempt" classification of PLAINTIFFS and other LOSS PREVENTION MANAGERS during the Class Period was unlawful under Labor Code § 515 and I.W.C. wage order No. 4. PLAINTIFFS and other LOSS PREVENTION MANAGERS do not, among other things: primarily perform duties and responsibilities involving the management of the department in which they are employed or of a recognized department or subdivision thereof; engage in exempt duties more than half their work time; customarily and regularly exercise discretion and independent judgment over matters of significance; perform specialized or technical work under only general supervision; determine or significantly influence the hiring, firing, disciplining, or promoting of others. Instead, PLAINTIFFS and other LOSS

Plaintiffs' Original Complaint
Cardenas, et al. v. Lowes., et al.

- 4 -

8

000035

PREVENTION MANAGERS spent the vast majority of their time on non-exempt tasks performed by hourly employees.

10.   As a result of DEFENDANT misclassifying their LOSS PREVENTION MANAGERS as "exempt," DEFENDANT willfully and knowingly failed to pay premium overtime compensation to PLAINTIFFS and similarly situated LOSS PREVENTION MANAGERS for hours worked over eight in a day and 40 in a week.

11.   As a result of DEFENDANT misclassifying its LOSS PREVENTION MANAGERS as "exempt," DEFENDANT willfully and knowingly failed to pay LOSS PREVENTION MANAGERS at the time of termination of employment all accrued overtime compensation.

12.   As a result of DEFENDANT misclassifying its LOSS PREVENTION MANAGERS as "exempt," DEFENDANT did not record PLAINTIFFS' and similarly situated LOSS PREVENTION MANAGERS' actual hours worked during the Class Period.

13.   As a result of DEFENDANT misclassifying its LOSS PREVENTION MANAGERS as "exempt," DEFENDANT failed to itemize the total hours worked on wage statements furnished to LOSS PREVENTION MANAGERS including PLAINTIFFS.

14.   As a result of DEFENDANT misclassifying its LOSS PREVENTION MANAGERS as "exempt," DEFENDANT failed to keep payroll records showing the actual hours worked each day by LOSS PREVENTION MANAGERS, including PLAINTIFFS.

15.   PLAINTIFFS are informed and believe that DEFENDANT deliberately misclassified its LOSS PREVENTION MANAGERS as exempt to avoid paying overtime wages to employees who worked overtime hours and spent more than half their work time doing nonexempt work.

## CLASS ACTION ALLEGATIONS

16.   PLAINTIFFS bring this lawsuit as a class action pursuant to Code of Civil Procedure § 382 on behalf of themselves and all similarly situated LOSS PREVENTION MANAGERS. The class PLAINTIFFS seek to represent is defined as:

> All persons who were, are, or will be employed by DEFENDANT LOWES
> Corporation as LOSS PREVENTION MANAGERS in the State of California
> during the statute of limitations period.

The claims herein have been brought and may properly be maintained as a class action under Code of Civil Procedure § 382 because there is a well-defined community of interest among class members with respect to the claims asserted herein and the proposed class is easily ascertainable:

a.   <u>Ascertainability and Numerosity</u>. The potential members of the class as defined herein are so numerous that joinder would be impracticable. PLAINTIFFS are informed and believe that LOWES has employed more than 100 LOSS PREVENTION MANAGERS in California during the Class Period. The names and addresses of the Class Members are available from DEFENDANT. Notice can be provided to the Class Members via first class mail using techniques and a form of notice similar to those customarily used in class action lawsuits of this nature.

b.   <u>Commonality</u>: There are questions of law and fact common to PLAINTIFFS and the class that predominate over any questions affecting only individual members of the class. These common questions of law and fact include, without limitation:

i.   Whether DEFENDANT required, encouraged, or permitted LOSS PREVENTION MANAGERS to work in excess of 40 hours per week and/or eight hours per day;

Plaintiffs' Original Complaint
Cardenas, et al. v. Lowes., et al.

- 6 -

**10**

000037

ii.     Whether DEFENDANT knew or should have known that its LOSS PREVENTION MANAGERS regularly worked over 40 hours per week and/or eight hours per day;

iii.    Whether DEFENDANT has failed to pay LOSS PREVENTION MANAGERS overtime wages for time worked well excess of 40 hours per week and/or eight hours per day;

iv.     What duties were specified and assigned by DEFENDANT for the LOSS PREVENTION MANAGER position;

v.      Whether those duties specified and assigned by DEFENDANT to LOSS PREVENTION MANAGERS were exempt duties under I.W.C. Wage Order No. 4;

vi.     How much time LOSS PREVENTION MANAGERS devoted to exempt versus nonexempt duties;

vii.    Whether LOSS PREVENTION MANAGERS customarily and regularly exercised discretion and independent judgment over matters of significance;

viii.   Whether DEFENDANT employed LOSS PREVENTION MANAGERS in a position subject to, and not exempt from, California's overtime pay and other wage and hour requirements;

ix.     Whether DEFENDANT violated I.W.C. Wage Order No. 4 and Labor Code §§ 510 and 1194 by its failure to pay LOSS PREVENTION MANAGERS overtime compensation;

x.      Whether DEFENDANT'S failure to pay overtime compensation to LOSS PREVENTION MANAGERS constituted an unlawful, unfair, and/or fraudulent business practice, under Business & Professions Code § 17200 et seq.;

Plaintiffs' Original Complaint
Cardenas, et al. v. Lowes., et al.

- 7 -

11

000038

xi.     Whether DEFENDANT knowingly and intentionally failed to provide LOSS PREVENTION MANAGERS with an itemized statement showing total hours worked with each payment of wages, as required by Labor Code § 226;

xii.    Whether DEFENDANT'S failure to provide an itemized statement showing total hours worked with each payment of wages constituted an unlawful, unfair, and/or fraudulent business practice, under Business & Professions Code § 17200 et seq.;

xiii.   Whether DEFENDANT violated Labor Code § 1174 and I.W.C. Wage Order No. 4 by failing to maintain documentation on the actual hours worked each day by LOSS PREVENTION MANAGERS;

xiv.    Whether DEFENDANT'S failure to maintain documentation on the actual hours worked each day by LOSS PREVENTION MANAGERS constituted an unlawful, unfair, and/or fraudulent business practice, under Business & Professions Code § 17200 et seq.;

xv.     Whether DEFENDANT violated Labor Code §§ 201-203, by failure to timely pay LOSS PREVENTION MANAGERS' wages due for overtime compensation at time of termination of employment; and

xvi.    The proper formula for calculating restitution, damages, and waiting time and other statutory penalties owed to PLAINTIFFS and the class alleged herein.

c.      Typicality: PLAINTIFFS' claims are typical of the claims of the class. DEFENDANT'S common course of unlawful conduct has caused PLAINTIFFS and similarly situated LOSS PREVENTION MANAGERS to sustain the same or similar injuries and damages caused by the same practices of DEFENDANT. PLAINTIFFS' claims are thereby representative of and co-extensive with the claims of the class.

d.      Adequacy of Representation: PLAINTIFFS are a member of the class, do not have any conflicts of interest with other class members, and will prosecute the case vigorously on behalf of the class. Counsel who represent PLAINTIFFS are competent and

Plaintiffs' Original Complaint
Cardenas, et al. v. Lowes, et al.

- 8 -

000039

experienced in litigating large employment class actions, including large wage and hour class actions. PLAINTIFFS will fairly and adequately represent and protect the interests of the class members.

   e. <u>Superiority of Class Action</u>: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is not practicable, and questions of law and fact common to the class predominate over any questions affecting only individual members of the class. Each class member has been damaged and is entitled to recovery by reason of DEFENDANT'S unlawful policies and/or practices described herein. Since the damages suffered by individual Class Members may be relatively small, albeit significant, the expense and burden of individual litigation make it impractical for most class members individually to seek redress for the wrongful conduct alleged. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

**IV. DAMAGES**

  17. As a direct, foreseeable, and proximate result of DEFENDANT'S conduct, PLAINTIFFS and similarly situated LOSS PREVENTION MANAGERS are owed overtime compensation plus interest, meal period compensation plus interest, waiting time penalties under Labor Code § 203 in an amount that exceeds $25,000, the precise amount of which will be proved at trial.

**V. CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**

**UNLAWFUL FAILURE TO PAY OVERTIME COMPENSATION**

**(LABOR CODE §§ 510, 1194; I.W.C. WAGE ORDER NO. 4)**

Plaintiffs' Original Complaint
Cardenas, et al. v. Lowes., et al.

- 9 -

13

000040

18. The allegations of Paragraphs 1 through 17 are realleged and incorporated herein by reference, and PLAINTIFFS allege as follows a cause of action on behalf of themselves and the above described class of similarly situated LOSS PREVENTION MANAGERS:

19. By their failure to pay overtime compensation to PLAINTIFFS and similarly situated LOSS PREVENTION MANAGERS as alleged above, DEFENDANT violated Labor Code § 510 and the provisions of the I.W.C. wage order No. 4, which require overtime compensation to non-exempt employees.

20. By failing to keep adequate time records as required by Labor Code § 1174(d) and the I.W.C. wage order No. 4 §7(a), DEFENDANT has made it difficult to calculate the overtime compensation due PLAINTIFFS and the similarly situated LOSS PREVENTION MANAGERS.

21. As a result of DEFENDANT'S unlawful acts, PLAINTIFFS and similarly situated LOSS PREVENTION MANAGERS have been deprived of overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, plus interest thereon, attorneys' fees, and costs, under Labor Code § 1194.

22. By violating Labor Code § 510, DEFENDANT is liable for civil penalties and attorneys' fees and costs under Labor Code §§ 558, 1194, and 1197.1.

23. PLAINTIFFS, on behalf of themselves and similarly situated LOSS PREVENTION MANAGERS request relief as described below.

## SECOND CAUSE OF ACTION
### FAILURE TO FURNISH ACCURATE WAGE STATEMENTS
### (LABOR CODE § 226)

24. The allegations of Paragraphs 1 through 23 are realleged and incorporated herein by reference, and PLAINTIFFS allege as follows a cause of action on behalf of themselves and the above described class of similarly situated LOSS PREVENTION MANAGERS:

Plaintiffs' Original Complaint
Cardenas, et al. v. Lowes., et al.

- 10 -

14

000041

25.     Labor Code § 226(a) requires employers semi-monthly or at the time of each payment of wages to furnish each employee with a statement itemizing, among other things, the total hours worked by the employee. Labor Code § 226(e) provides that if an employer knowingly and intentionally fails to provide a statement itemizing, among other things, the total hours worked by the employee, then the employee is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4,000).

26.     DEFENDANT knowingly and intentionally failed to furnish PLAINTIFFS and similarly situated LOSS PREVENTION MANAGERS with timely, itemized statements showing the total hours worked, as required by Labor Code § 226(a). As a result, DEFENDANT is liable to PLAINTIFFS and similarly situated LOSS PREVENTION MANAGERS for the amounts provided by Labor Code § 226(e).

27.     By violating Labor Code § 226, DEFENDANT is also liable for civil penalties and attorneys' fees and costs under Labor Code § 226.

28.     PLAINTIFFS, on behalf of themselves and similarly situated LOSS PREVENTION MANAGERS, request relief as described below.

### THIRD CAUSE OF ACTION

### FAILURE TO KEEP ACCURATE PAYROLL RECORDS

### (LABOR CODE §§ 1174 & 1174.5; I.W.C. WAGE ORDER NO. 4)

29.     The allegations of Paragraphs 1 through 28 are realleged and incorporated herein by reference, and PLAINTIFFS allege as follows a cause of action on behalf of themselves and the above described class of similarly situated LOSS PREVENTION MANAGERS:

30.     DEFENDANT has violated Labor Code § 1174 and I.W.C. Wage Order No. 4 §7(A) by willfully failing to keep required payroll records showing the actual hours worked each day by PLAINTIFFS and similarly situated LOSS PREVENTION MANAGERS.

Plaintiffs' Original Complaint
Cardenas, et al. v. Lowes., et al.

- 11 -

15

000042

31.     PLAINTIFFS, on behalf of themselves and similarly situated LOSS PREVENTION MANAGERS, request relief as described below.

## FOURTH CAUSE OF ACTION

## WAITING TIME PENALTIES

## (LABOR CODE 201, 202 & 203)

32.     The allegations of Paragraphs 1 through 31 are realleged and incorporated herein by reference, and PLAINTIFFS allege as follows a cause of action on behalf of themselves and the above described class of similarly situated LOSS PREVENTION MANAGERS:

33.     Labor Code § 201 requires an employer who discharges an employee to pay all compensation due and owing to that employee immediately upon discharge.

34.     Labor Code § 203 requires an employer to pay compensation due and owing to said employee within seventy-two (72) hours of that employee's termination or employment by resignation.

35.     Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon separation from employment, as required by either §§ 201 or 202, then the employer is liable for waiting time penalties in the form of continued compensation for up to 30 work days.

36.     DEFENDANT willfully failed and refused to timely pay compensation and wages, including unpaid overtime pay to LOSS PREVENTION MANAGERS whose employment terminated. As a result, DEFENDANT is liable to terminated LOSS PREVENTION MANAGERS for waiting time penalties, together with interest thereon and attorneys' fees and costs, under Labor Code § 203.

37.     PLAINTIFFS, on behalf of themselves and similarly situated LOSS PREVENTION MANAGERS, request relief as described below.

### FIFTH CAUSE OF ACTION

### VIOLATIONS OF THE UCL

### (BUSINESS & PROFESSIONS CODE §§ 17200-09.)

38.     The allegations of Paragraphs 1 through 37 are realleged arid incorporated herein by reference, and PLAINTIFFS allege as follows a cause of action on behalf of themselves and the above described class of similarly situated LOSS PREVENTION MANAGERS and in a representative capacity under Business and Professions Code § 17204:

39.     Business & Professions Code § 17200 prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice.

40.     Business & Professions Code § 17204 allows "any person acting for the interests of itself, its members or the general public" to prosecute a civil action for violation of the UCL.

41.     Beginning at an exact date unknown to PLAINTIFFS, but at least four years prior to the date of the filing of this action, DEFENDANT committed unlawful, unfair, and/or fraudulent business acts and practices as defined by Business & Professions Code § 17200, by engaging in the following:

a.     Improperly and unlawfully classifying its LOSS PREVENTION MANAGERS as exempt from California overtime requirements, as referenced above, and thereby failing to pay overtime compensation, as described above;

b.     Failing to pay all accrued overtime compensation to LOSS PREVENTION MANAGERS upon termination of their employment, in violation of Labor Code §§ 201-203, as described above;

c.     Failing to provide accurate itemized wage statements, in violation of Labor Code § 226, as described above; and

Plaintiffs' Original Complaint
Cardenas, et al. v. Lowes., et al.

- 13 -

17

000044

d.      Failing to maintain payroll records showing the actual hours worked each day by LOSS PREVENTION MANAGERS, in violation of Labor Code § 1174, as described above

42.    The violations of these laws serve as unlawful predicate acts and practices for purposes of Business and Professions Code § 17200.

43.    As a direct and proximate result of DEFENDANT'S unlawful, unfair, and/or fraudulent acts and practices described herein, DEFENDANT has received and continues to hold ill-gotten gains belonging to PLAINTIFFS and class members DEFENDANT has profited from its unlawful, unfair, and/or fraudulent acts and practices in the amount of those unpaid overtime and meal period compensation and interest accrued by PLAINTIFFS and similarly situated LOSS PREVENTION MANAGERS.

44.    PLAINTIFFS and similarly situated LOSS PREVENTION MANAGERS are entitled to restitution pursuant to Business & Professions Code §§ 17203 and 17208 for all unpaid over-time and meal period compensation and interest since four years from the filing of this action.

45.    PLAINTIFFS and similarly situated LOSS ·PREVENTION MANAGERS are entitled to enforce all applicable penalty provisions of the Labor Code pursuant to Business & Professions Code § 17202.

46.    PLAINTIFFS' success in this action will enforce important rights affecting the public interest. In this regard, PLAINTIFFS sue on behalf of the public as well as on behalf of themselves and others similarly situated. PLAINTIFFS seek and are entitled to the unpaid compensation, declaratory and injunctive relief, civil penalties, and any other appropriate remedy.

Plaintiffs' Original Complaint
Cardenas, et al. v. Lowes., et al.

- 14 -

18

000045

47. Injunctive relief is necessary and appropriate to prevent DEFENDANT from continuing and repeating its unlawful, unfair and fraudulent business acts and practices alleged above.

48. In order to prevent DEFENDANT from profiting and benefiting from its wrongful and illegal acts and continuing those acts, an order requiring DEFENDANT to disgorge all the profits and gains its has reaped and restore such profits and gains to LOSS PREVENTION MANAGERS, from whom they were unlawfully taken.

49. PLAINTIFFS have assumed the responsibility of enforcement of the laws and lawful claims specified herein. There is a financial burden incurred in pursuing this action that is in the public interest. Therefore, attorneys' fees are appropriate pursuant to Code of Civil Procedure § 1021.5.

50. PLAINTIFFS, on behalf of themselves and similarly situated LOSS PREVENTION MANAGERS, request relief as described below.

## VI. REQUEST FOR JURY TRIAL

51. PLAINTIFFS request a trial by jury on behalf of themselves and the above described class of similarly situated LOSS PREVENTION MANAGERS.

## VII. PRAYER FOR RELIEF

WHEEFORE, PLAINTIFFS, on behalf of themselves and the above-described class of similarly situated LOSS PREVENTION MANAGERS, requests relief as follows:

1. Certification of the above-described class as a class action, pursuant to Code of Civil Procedure 382;

2. Certification of the above-described class as a representative class under Business and Professions Code § 17200;

3. Class notice to all LOSS PREVENTION MANAGERS who worked for DEFENDANT in California during the Class Period described above;

Plaintiffs' Original Complaint
Cardenas, et al. v. Lowes., et al.

- 15 -

**19**

000046

1       4.    A declaratory judgment that DEFENDANT has knowingly and intentionally

2  violated the following provisions of law:

3              a.     The overtime provisions of Labor Code § 510 and the I.W.C. wage

4

5  order No. 4 as to PLAINTIFFS and the class;

6                b.     Labor Code § 226, by failing to provide PLAINTIFFS and the

7  class with itemized statements of total hours worked with each payment of wages;

8                c.     Labor Code § 1174, by failing to maintain payroll records of the

9

10  actual hours worked each day by PLAINTIFFS and the class;

11              d.     Labor Code § 1174, by failing to maintain payroll records of the

12  waiting time penalties;

13              e.     Business and Professions Code §§ 17200- 17208, by failing to pay

14  their LOSS PREVENTION MANAGERS overtime compensation;

15

16              f.     Business and Professions Code §§ 17200-17208, by failing to

17  maintain payroll records of the actual hours worked each day by PLAINTIFFS and the class;

18              g.     Labor Code §§ 201-203, for willful failure to pay overtime

19  compensation to LOSS PREVENTION MANAGERS at the time of termination of employment,

20

21              h.     Business and Professions Code §§ 17200-17208, by failing to

22  maintain payroll records of the actual hours worked each day by PLAINTIFFS and similarly

23  situated LOSS PREVENTION MANAGERS; and

24              i.     Business and Professions Code §§ 17200-17208, by willfully

25  failing to pay PLAINTIFFS and similarly situated LOSS PREVENTION MANAGERS overtime

26  compensation at the time of termination of employment, resulting in unpaid waiting time

27

28  penalties;

       5.    A declaratory judgment that DEFENDANT'S violations as described above were

willful;

**Plaintiffs' Original Complaint**
**Cardenas, et al. v. Lowes., et al.**

000047

6.   For an equitable accounting to identify, locate, and restore to all current and former LOSS PREVENTION MANAGERS the wages that are due;

7.   An award to PLAINTIFFS and the Class Members of damages in the amount of unpaid overtime compensation, including interest thereon, subject to proof at trial;

8.   As to those Class Members who have left DEFENDANT'S employ, an award of payments due to them as waiting time penalties, pursuant to Labor Code § 203;

9.   An order requiring DEFENDANT to pay restitution of all amounts owed to PLAINTIFFS and similarly situated LOSS PREVENTION MANAGERS for DEFENDANT'S failures to pay legally required overtime compensation, and interest thereon, in an amount according to proof, pursuant to Business & Professions Code § 17203;

10.   For an order imposing all statutory and/or civil penalties provided by law, including but not limited to, penalties under Labor Code §§ 203, 226 and 558;

11.   An award to PLAINTIFFS and the Class Members of reasonable attorneys' fees and costs, pursuant to Code of Civil Procedure § 1021.5, Labor Code §§ 218.5, 226 and 1194, and/or other applicable law; and

12.   An award to PLAINTIFFS and the Class Members of such other and further relief as this Court deems just and proper.

Dated: July 7, 2009                                     Respectfully submitted,


                                                        /s/ Stuart R. Chandler
                                                        Attorney for Plaintiffs

Plaintiffs' Original Complaint
Cardenas, et al. v. Lowes., et al.

- 17 -

000048