Case 2:09-cv-06962-DDP-RZ Document 27 Filed 07/20/10 Page 1 of 8 Page ID #:353

PHILLIP J. ESKENAZI (SBN 158976)
peskenazi@hunton.com
JASON J. KIM (SBN 221476)
kimj@hunton.com
Y. ANNA SUH (SBN 228632)
asuh@hunton.com
**HUNTON & WILLIAMS LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone: (213) 532-2000
Facsimile: (213) 532-2020

Attorneys for Defendant
LOWE'S HIW, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHEAL MEYER, an individual, on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LOWE'S HIW, INC., a Washington Corporation; and DOES 1 through 50 inclusive,<br><br>Defendants. | CASE NO.: CV-09-06962 DDP (RZx)<br><br>**DEFENDANT LOWE'S HIW, INC.'S OPPOSITION TO PLAINTIFF MICHEAL MEYER'S *EX PARTE* APPLICATION TO:**<br><br>**1. CONTINUE BY 90-DAYS THE CLASS CERTIFICATION BRIEFING SCHEDULE; and**<br><br>**2. MODIFY THE CLASS CERTIFICATION BRIEFING SCHEDULE**<br><br>[Captioned case is related to *Torres, et al. v. Lowe's HIW, Inc.*, Case No.: CV-09-08354-DDP (RZx)]<br><br>Complaint Filed: August 21, 2009 |

## I. INTRODUCTION

From the very outset, the parties recognized that coordinating efforts in this case and the related and nearly identical *Torres, et al. v. Lowe's HIW, Inc.* case ("*Torres* Action") was in everyone's best interest. To this end, the parties worked cooperatively to get the two cases before the same court, and discussed and agreed upon a single class certification briefing, which they jointly presented in their Rule

1

DEFENDANT LOWE'S HIW, INC.'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION RE CLASS CERTIFICATION BRIEFING    Case No. CV-09-06962 DDP (RZx)

26(f) Report and during the single Scheduling Conference that the Court held for these two cases. The Court agreed to the parties' joint proposal and ordered that discovery and class certification briefing be coordinated in the two cases on a single, uniform track.

Plaintiff Meyer now unilaterally seeks to renege on the agreements made by his counsel and approved by this Court, without the courtesy of a properly noticed motion. The staggered class certification briefing schedule Meyer proposes presents little to no benefit to the parties -- save, possibly Meyer (or his counsel) -- and would instead result in tremendous judicial inefficiencies, duplicative costs, and prejudice not just to Lowe's HIW, Inc. ("Lowe's") but potentially to the putative class that Meyer and the *Torres* plaintiffs both purportedly seek to represent.

As to Meyer's additional request for a continuance of the class certification briefing schedule, Lowe's does not oppose this request as long as the class certification briefing schedule for this case proceeds a coordinated, uniform track as the schedule for the *Torres* Action, which is consistent with what the parties agreed to and what the Court ordered for these two cases. Lowe's submits, however, that based on the facts presented in the *ex parte* application, only a 60-day continuance is warranted, but if the Court is inclined to grant the 90-day request, Lowe's requests that the Court provide Lowe's with an additional two weeks from the opposition deadline Meyer proposes so as to account for the Christmas and New Year's Day holidays over which it would have to prepare its brief.

## II.  FACTUAL BACKGROUND

### A.  Facts Pertaining to the Parties' Agreement to Coordinate Discovery and Class Certification Briefing in the Two Actions.

The *Torres* Action was filed on July 8, 2009 in the United States District Court for the Eastern District of California, alleging that Lowe's misclassified its California Loss Prevention Managers as exempt employees. On August 21, 2009, Plaintiff

2

DEFENDANT LOWE'S HIW, INC.'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION RE CLASS CERTIFICATION BRIEFING                                              Case No. CV-09-06962 DDP (RZx)

1  Meyer filed a nearly identical lawsuit in the Superior Court for Los Angeles County
2  on behalf of the same putative class, asserting nearly identical claims as those asserted
3  in the *Torres* Action. Recognizing the two actions to be related, in conjunction with
4  the removal papers it filed in this case, Lowe's filed a Notice of Pendency of Other
5  Actions or Proceedings on September 24, 2009 (Dkt. No. 4) to notify Plaintiff and the
6  Court of the *Torres* Action which was then pending in the Eastern District.
7      The parties to both actions subsequently stipulated to, and Plaintiff Meyer's
8  counsel filed on behalf of the parties, a request to transfer venue and to consolidate for
9  all purposes the *Torres* Action with this case on November 3, 2009. (Dkt. No. 9.) A
10 similar filing was made in the *Torres* Action by Torres's counsel on November 5,
11 2009. (E.D. Cal., Dkt. No. 17.) Pursuant to the parties' stipulation, the Eastern
12 District transferred the *Torres* Action to the Central District (Judge Valerie Baker
13 Fairbanks).
14     Once Lowe's filed the Notice of Related Action on November 20, 2009 in this
15 case (Dkt. No. 14) and the *Torres* Action (Dkt. No. 14), the Court recognized that the
16 two cases were in fact related and issued an Order transferring the *Torres* Action from
17 Judge Fairbanks's court to this Court. (*Torres* - Dkt. No. 27.)
18     Counsel for the two cases then participated in a Joint Rule 26(f) Conference
19 wherein they discussed and expressly agreed that both discovery and class
20 certification proceedings should be coordinated for the two cases, discussed and
21 agreed upon a single class certification briefing schedule that would be respectful of
22 the parties' and counsels' holiday plans, and filed a Joint 26(f) Report in both cases
23 memorializing the same. (*Meyer* - Dkt. No. 16; *Torres* - Dkt. No. 33.) Based on the
24 representations of counsel, at the April 12, 2010 Scheduling Conference, the Court
25 ordered that discovery and class certification briefing and hearing be coordinated in
26 the two cases, and later issued a Scheduling Order on June 4, 2010 ordering counsel to
27 abide by the dates proposed in the Rule 26(f) Report, unless otherwise specified. (Dkt.
28

No. 24).

### B. Facts Pertaining to Plaintiff Meyer's Request for a 90-Day Extension on Class Certification Briefing.

On June 14, 2010, Plaintiff Meyer's counsel emailed Torres's and Lowe's counsel to confer on a continuance of the class certification briefing schedule due to purported discovery delays. (Declaration of William E. Harris, Dkt. No. 25-2 ("Harris Dec."), Ex. 5.) Lowe's counsel replied that they would not oppose a 60-day continuance, provided that the briefing schedule for the *Torres* Action is consistent with the briefing schedule for the *Meyer* Action, which is what the parties agreed to in the Joint 26(f) Reports they filed for these cases. (*Id.*, Ex. 6.) There was no excuse for Meyer to wait a month to file this *ex parte* application. Any exigency that now exists was created by his counsel.

Meyer's counsel has also disingenuously mischaracterized the parties' discovery efforts. Lowe's has not caused whatever delays Meyer's counsel claims to have experienced. Meyer's counsel waited until June 21, 2010 to initiate the meet and confer process on Lowe's written responses to Plaintiff's discovery. (Declaration of Y. Anna Suh ("Suh Dec.") filed herewith, ¶ 3, Ex. 1.) Lowe's responded to Meyer's counsel's June 21, 2010 email on July 1, 2010 and has not yet received a counter-response. (Suh Dec., ¶ 4, Ex. 2.)

As for the depositions, Meyer's counsel waited until June 22 to notify Lowe's counsel of depositions it wanted of individuals Lowe's had named in its April 16 initial disclosures. (Harris Dec., ¶ 12.) When Lowe's counsel reminded Meyer's counsel on the same day that the parties had agreed to coordinate the depositions in the two cases, Meyer's counsel responded that he was aware of this agreement. (Suh Dec., ¶ 5, Ex. 3.) Lowe's counsel subsequently responded with dates of availability for the witnesses Meyer requested. While Meyer's *ex parte* application highlights Scott Draher's deposition availability as a reason for a 90-day extension, Meyer's

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

counsel misrepresents that Mr. Draher is not available before September 21. (*Ex Parte* at 5.) Lowe's counsel informed Meyer's counsel that Mr. Draher would be available on September 7-10 and 21-24 for his deposition, and Meyer's counsel settled on the 21st. (Suh Dec., ¶ 6, Ex. 4.)

When Meyer's counsel recently raised again his need for continuance of the class certification briefing schedule, Lowe's counsel responded again that they would be amenable to a two-month extension as long as the class certification briefing was coordinated between the two cases. (Harris Dec., Ex. 13.) Meyer nevertheless proceeded to file this *ex parte* application.

The above facts reveal that the purported exigencies for Meyer's *ex parte* application are of his own making.

## III. ARGUMENT

### A. Good Cause Does Not Exist for the Staggered Briefing Schedule Meyer Unilaterally Proposes, Which Will Undoubtedly Result in Judicial Inefficiency as well as Prejudice to Lowe's.

The parties do not dispute that the two cases are nearly identical, and in fact, the parties even stipulated initially that the two cases should be consolidated for all purposes. (Dkt. No. 9.) At a bare minimum, the parties discussed and agreed that the discovery and class certification briefing for the two cases should be coordinated, jointly made this recommendation to the Court, and the Court entered its Scheduling Order based on the coordinated schedule presented by the parties. Despite the agreements between counsel and this Court's Order, Meyer seeks to unilaterally renege on the coordination agreed to by the parties, apparently due to premature disagreements between plaintiffs' counsel as to how the fees should be split between the two cases.

The justifications for coordinated class certification briefing still remain. Both cases plead purported class actions for alleged overtime/exemption misclassification on behalf of former and current salaried Loss Prevention Managers employed by

5

DEFENDANT LOWE'S HIW, INC.'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION RE CLASS CERTIFICATION BRIEFING     Case No. CV-09-06962 DDP (RZx)

Lowe's in California, and both cases seek to certify the identical class on nearly identical claims. Accordingly, the staggered briefing proposed by Meyer -- where Meyer's class certification motion is fully briefed and heard before the *Torres* plaintiffs can file theirs a week later -- would result in nothing more than judicial inefficiency in having this Court hear duplicative class certification arguments for what is essentially the same putative class, undue costs and prejudice to Lowe's in having to prepare for staggered briefings one after the other and for two different class certification hearings, and an unreasonable and unwarranted six-month delay from when the first class certification brief is filed to when the last class certification brief is heard.

Meyer's sole argument in favor of staggered briefing is that there is a possibility that plaintiffs will file motions for class certification that contain conflicting evidence and/or legal reasoning, which may render the cases per se not certifiable. (*Ex Parte* at 3, 8-9.) Meyer's argument is specious, however, as the staggered briefing proposal would do nothing to resolve this purported concern. Despite the staggered briefing, the plaintiffs may still end up making conflicting arguments for what is essentially one putative class, which may be highlighted all the more through the staggered briefing, and which the Court would have to address in the class certification rulings it will likely wait to make until after both motions are heard. At best, Meyer's staggered briefing schedule appears to be designed to benefit Meyer only, if even that.

Because Meyer has failed to demonstrate good cause for the staggered briefing he proposes, the Court should deny this request.

**B.    A 90-Day Extension is Unwarranted, and the Proposed Briefing Schedule Presents Unfair Hardship to Lowe's.**

Lowe's maintains that, at most, a 60-day extension is warranted here under the circumstances and would give the parties sufficient time to address the discovery issues Meyer claims exist in this case, and would also give Meyer enough time to

DEFENDANT LOWE'S HIW, INC.'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION RE
CLASS CERTIFICATION BRIEFING                                    Case No. CV-09-06962 DDP (RZx)

conduct the depositions he seeks. Furthermore, no corresponding request for an extension has been made by the *Torres* plaintiffs. Based on a 60-day extension, the new briefing schedule for the two cases would be as follows:

- Deadline to file Motion for Class Certification: November 5, 2010
- Deadline to file Opposition to Motion for Class Certification: December 20, 2010
- Deadline to file Reply in Support of Motion for Class Certification: January 10, 2011
- Hearing on Motion for Class Certification: February 14, 2011 at 10:00 a.m. (or as soon as the Court may hear the motion thereafter)

To the extent the Court is inclined to grant the longer 90-day extension requested by Meyer, Lowe's requests that it be granted an additional two weeks from the opposition brief deadline proposed by Meyer, as the preparation of the opposition briefing will now fall over the holidays, which the parties never anticipated and also tried to respect and avoid when they proposed the initial briefing schedule. The revised 90-day class certification briefing Lowe's proposes would be as follows:

- Deadline to file Motion for Class Certification: December 6, 2010
- Deadline to file Opposition to Motion for Class Certification: February 3, 2011
- Deadline to file Reply in Support of Motion for Class Certification: February 24, 2011
- Hearing on Motion for Class Certification: March 21, 2011 at 10:00 a.m. (or as soon as the Court may hear the motion thereafter)

Regardless of whatever extended briefing schedule the Court decides to adopt, Lowe's requests that the same schedule be applied to both cases for the reasons stated more fully above.

## IV. CONCLUSION

For all of the foregoing reasons, Lowe's requests that the Court deny Plaintiff Meyer's request for a staggered briefing schedule and that the Court grant only a 60-

7
DEFENDANT LOWE'S HIW, INC.'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION RE CLASS CERTIFICATION BRIEFING        Case No. CV-09-06962 DDP (RZx)

day extension for the coordinated class certification briefing in both cases (or alternatively, that sufficient time be provided to account for the holidays).

DATED: July 20, 2010

Respectfully submitted,

**HUNTON & WILLIAMS LLP**

By: _____/s/ Y. Anna Suh_____
Y. ANNA SUH
Attorneys for Defendant
LOWE'S HIW, INC.