1  PHILLIP J. ESKENAZI (SBN 158976)
   peskenazi@hunton.com
2  JASON J. KIM (SBN 221476)
   kimj@hunton.com
3  Y. ANNA SUH (SBN 228632)
   asuh@hunton.com
4  HUNTON & WILLIAMS LLP
   550 South Hope Street, Suite 2000
5  Los Angeles, California 90071-2627
   Telephone: (213) 532-2000
6  Facsimile: (213) 532-2020

7  Attorneys for Defendant
   LOWE'S HIW, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHEAL MEYER, an individual, on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>LOWE'S HIW, INC., a Washington Corporation; and DOES 1 through 50 inclusive,<br><br>    Defendants. | CASE NO.: CV-09-06962-DDP (RZx)<br>CASE NO.: CV-09-08354-DDP (RZx)<br><br>**CLASS ACTION**<br><br>**STIPULATION BY ALL PARTIES TO CONSOLIDATE ACTIONS FOR SETTLEMENT PURPOSES**<br><br>[[Proposed] Order filed concurrently herewith] |
| ZACHARY TORRES and ALEX CARDENAS, individually and on behalf of others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>LOWE'S HIW, INC. and DOES 1-10, inclusive,<br><br>    Defendants. | |

Plaintiffs Alex Cardenas and Zachary Torres in *Torres et al. v. Lowe's HIW, Inc.* (the "*Torres* Action") and Plaintiff Micheal Meyer in *Meyer v. Lowe's HIW, Inc.* (the "*Meyer* Action"), and Defendant Lowe's HIW, Inc. ("Lowe's") in both actions, by and through their respective counsel of record, hereby stipulate to the following:

**RECITALS**

1. On July 8, 2009, Plaintiffs Torres and Cardenas filed the *Torres* Action in the United States District Court for the Eastern District of California, alleging that Lowe's misclassified its California Loss Prevention Managers ("LPMs") as exempt from California's overtime laws. On August 21, 2009, Plaintiff Meyer filed the *Meyer* Action in the Superior Court for Los Angeles County on behalf of the same putative class, asserting near-identical claims as those asserted in the *Torres* Action.

2. On September 24, 2009, Lowe's removed the *Meyer* Action to the United States District Court for the Central District of California. In addition, Lowe's filed a Notice of Pendency of Other Actions or Proceedings to notify Plaintiff Meyer and the Court of the *Torres* Action which was then pending in the United States District Court for the Eastern District of California. (*Meyer* - Dkt. No. 4.)

3. On November 3, 2009, all parties to the *Torres* and *Meyer* Actions subsequently stipulated to transfer venue for the *Torres* Action to the Central District of California. (*Torres* - Dkt. No. 17; *Meyer* - Dkt. No. 9.) Pursuant to the parties' stipulation, the United States District Court for the Eastern District of California transferred the *Torres* Action to the United States District Court for the Central District, and the case was assigned to District Judge Valerie Baker Fairbanks. (*Torres* - Dkt. Nos. 18, 20.) Lowe's then filed the Notice of Related Action on November 20, 2009 in both cases. (*Torres* - Dkt. No. 26; *Meyer* - Dkt. No. 14.) The same day, the Court issued an Order transferring the *Torres* Action from District Judge Fairbanks' court to this Court. (*Torres* - Dkt. No. 27.) Accordingly, the *Torres* and *Meyer* Actions both are presently before this Court. Moreover, the parties in both cases

1

1 | agreed that both discovery and class certification proceedings should be coordinated
2 | for both cases (*Torres* - Dkt. No. 33; *Meyer* - Dkt. No. 16), and the Court has ordered
3 | the same (*Torres* - Dkt. No. 40; *Meyer* - Dkt. No. 24).

4.   On October 5, 2010, the parties to the above-referenced actions participated in a mediation and were able to reach a global settlement of both cases. As part of the settlement, the parties agreed to consolidate the cases for settlement purposes only. Accordingly, consolidation will enable the parties to effectuate their settlement in an expeditious manner.

5.   The *Torres* and *Meyer* Actions both raise the same questions of law and fact. The claims and putative classes for both cases are near-identical. Both cases plead purported class actions for alleged overtime/exemption misclassification on behalf of former and current salaried LPMs employed in Lowe's home improvement stores in California.

6.   Consolidation of the cases will not delay the progress of either case. The Court has issued coordinated scheduling orders in both cases already. (*Torres* - Dkt. No. 40; *Meyer* - Dkt. No. 24.)

7.   In light of the identity of claims, putative classes and coordinated schedules, good cause exists for the Court to consolidate the *Torres* and *Meyer* Actions to effectuate the parties' settlement.

## STIPULATION

NOW, THEREFORE, the parties stipulate and agree that the *Torres* and *Meyer* Actions be consolidated for settlement purposes.

**Plaintiffs' Counsel:**

FIBICH, HAMPTON, LEEBRON, LLP
BRUCKNER BURCH PLLC
LAW OFFICE OF STUART R. CHANDLER

Dated: November 23, 2010

By: /s/ Richard Burch
Richard Burch,
Attorneys for Plaintiffs Zachary Torres
and Alex Cardenas

HARRIS & KAUFMAN

Dated: November 19, 2010

By: [signature]
William E. Harris,
Attorneys for Plaintiff Micheal Meyer

**Defendant's Counsel:**

HUNTON & WILLIAMS LLP

Dated: November 23, 2010

By: /s/ Phillip J. Eskenazi
Phillip J. Eskenazi,
Attorneys for Defendant
Lowe's HIW, Inc.

STIPULATION BY ALL PARTIES TO CONSOLIDATE
ACTIONS FOR SETTLEMENT PURPOSES

Case No. CV-09-06962-DDP (RZx)
Case No. CV-09-08354-DDP (RZx)